Argued June 21, defendant disbarred July 20, 1915.

## STATE EX REL. *v.* GARLAND.

(150 Pac. 289.)

**Attorney and Client—Disbarment—Evidence.**

1. Where the disbarment of an attorney is sought under Section 1092, L. O. L., as guilty of any willful deceit or misconduct in his profession, and such attorney has borne a good reputation in the community in which he lived, competent evidence against him should show that the accusation is true to justify disbarment.

[As to the causes and proceedings for disbarment of attorneys and the power of courts to disbar, see notes in 95 Am. Dec. 333; 45 Am. St. Rep. 71.]

Attorney and Client—Disbarment—Conversion of State Funds—Stat-
    ute.

2.  Under Section 1092, L. O. L., providing that an attorney may
be removed or suspended by the Supreme Court for being guilty of any
willful deceit or misconduct in his profession, where an attorney was
appointed special prosecutor for the state in proceedings to escheat
certain property of a decedent, and, as such, received a check rep-
resenting state funds due it in the proceedings, which he deposited
to his individual bank account and converted wrongfully, withhold-
ing the amount from the state, and failing, refusing and neglecting
to account therefor, he will be disbarred for the proper administration
of justice, the protection of the public, of clients, of the courts, and
the dignity of the legal profession.

Original proceeding in Supreme Court.

This is a proceeding for the disbarment of Charles
W. Garland, instituted by the State of Oregon, upon
the relation of John McCourt, John H. McNary, O. P.
Coshow, Loring K. Adams and Alfred Hampson, mem-
bers of the Grievance Committee of the State Bar
Association.    DEFENDANT DISBARRED.

For the State there was a brief and an oral argument
by *Mr. Elton Watkins.*

For defendant there was a brief over the names of
*Mr. William P. Lord* and *Mr. Charles W. Garland,* in
*pro. per.,* with an oral argument by *Mr. Lord.*

In Banc.    MR. JUSTICE BEAN delivered the opinion of
the court.

The case is based upon that part of Section 1092,
L. O. L., which provides that an attorney may be re-
moved or suspended by the Supreme Court "(3) for
being guilty of any willful deceit or misconduct in his
profession." It is set forth in the accusation made
by the committee that Charles W. Garland is an at-
torney at law residing in the county of Multnomah,
and admitted to practice in the Supreme Court of this
state.    Prior to January 5, 1911, he was duly appointed

special prosecutor and attorney for the State of Oregon to prosecute certain proceedings then pending in the Circuit Court of the State of Oregon for Multnomah County to escheat to the state property belonging to the estate of Charles Scheller, deceased. As such attorney for the state, on January 5, 1911, Garland received from F. S. Fields, County Clerk of Multnomah County, a check on the Merchants' National Bank of Portland, Oregon, for the sum of $709.87, payable to C. W. Garland as attorney, the same being money belonging to the state and arising out of the escheat matter. On January 6, 1911, C. W. Garland knowingly, corruptly, willfully, criminally and feloniously misappropriated and converted the above sum to his own use by depositing the money in his individual name to his own personal account in the bank of Hartman & Thompson, Portland, Oregon, has never accounted to the state for said money, but has ever since wrongfully and unlawfully withheld the same from the state and converted it to his own use, and has failed, refused and neglected to account therefor. The answer of Mr. Garland asserts that the money collected was delivered "at the office of the sheriff of Multnomah County, Oregon, for transmission to the proper official at Salem, Oregon," after deducting expenses and attorney's fees allowed.

1. The evidence taken in writing by a referee is of record, and need not be here set forth. That of reputable citizens and high officials is to the effect that Mr. Garland has heretofore borne a good reputation in the community in which he lives, therefore, under the circumstances, we think the competent evidence should clearly show that the accusation against the attorney is true: *Ex parte Cowing,* 26 Or. 572 (38 Pac. 1090).

2. A careful reading of all the evidence pertaining to the written charge convinces us beyond a reasonable doubt that the accusation against Mr. Garland is true, and that he is guilty of willful deceit and misconduct in his profession as an attorney in the escheat proceedings in failing and neglecting to account for the sum of $627.37, according to the nature of his trust, and converting the same to his own use as alleged in the charge.   A portion of the amount collected has been paid for the expenses of the case, and $75 allowed as attorney's fees therein.   The proper administration of justice, the protection of the public, of those who may be clients, and of the courts, and the dignity of the legal profession demand that he be disbarred from practicing as an attorney in any of the courts of the State of Oregon; and it is so ordered.

DEFENDANT DISBARRED.