[S. F. No. 14964. In Bank.—January 8, 1934.]

In the Matter of the Application of CHARLES W. GAR-
LAND for Admission to Practice Law.

Charles W. Garland, *in pro. per.,* for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—Petitioner requests that this court exer-
cise its inherent power and admit him to the practice of the

law in all the courts of this state. The State Bar of California opposes the extension of this privilege to the petitioner and by way of return to the order to show cause heretofore issued presents a record which indicates that petitioner fails to possess the essential prerequisites of a good moral character.

It appears that petitioner in 1927 first made application to practice in this state. At that time petitioner represented that he had been admitted in Illinois in 1907 and "in Federal Courts". He failed to point out, however, that he had been admitted to practice in Oregon in 1913, that he had been disbarred therein in 1915 (see *State* v. *Garland*, 77 Or. 92 [150 Pac. 289]), temporarily reinstated on probation in 1922, and finally disbarred again in 1923.

It also appears that petitioner failed to disclose that in 1923 he had been convicted of forgery, a felony, in the Superior Court of this State in and for the County of Los Angeles. ■ The fact that petitioner was placed on probation rather than incarcerated, and the charge subsequently dismissed because of compliance with the terms of his probation, did not relieve him of the duty to disclose the incident. (*Spears* v. *The State Bar*, 211 Cal. 183, 187 [294 Pac. 697, 72 A. L. R. 923].)

The record further reveals that petitioner on divers occasions and over an extended period of time improperly held himself out to the public as an attorney at law and actively engaged in the practice of law in this state without a license, for which unlawful practice he was, on at least one occasion, adjudged in contempt of the Superior Court in and for the County of Los Angeles.

It should also be added that without disclosing his prior disbarment and conviction, the petitioner procured letters of indorsement, which accompany his present application, from several attorneys of this state. Upon being apprised of the true facts, the authors of these letters have retracted and withdrawn their respective indorsements.

■ The burden of establishing good moral character rests upon the applicant. (*Spears* v. *The State Bar, supra.*) On the present record, it must be held that petitioner has failed to satisfy that burden.

The order to show cause is therefore discharged and the application for an order admitting petitioner to practice

law in this state, notwithstanding the refusal of the Committee of Bar Examiners to recommend him for admission, is denied.

Shenk, J., Thompson, J., Langdon, J., Curtis, J., and Seawell, J., concurred.