IN THE MATTER OF THE PETITION OF DAVID K. BOWEN FOR ADMISSION TO THE BAR OF NEVADA.

No. 5560

November 27, 1968                    447 P.2d 658

[Rehearing denied January 24, 1969]

*Laurance M. Hyde, Jr.,* of Reno, for Petitioner.

*Howard L. Cunningham,* Chairman, Board of Bar Examiners, *Robert R. Herz,* Secretary, Board of Bar Examiners, both of Reno, and *Douglas J. Shoemaker,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On June 22, 1967, a hearing was held before a quorum of the Board of Bar Examiners in Las Vegas, Nevada, to determine the fitness of the petitioner for admission to the bar of the state of Nevada. The board was represented by Douglas J. Shoemaker, Esq., while the petitioner appeared in proper person.

The hearing revealed uncontradicted proof that the petitioner had knowingly made false statements of a material nature on his 1964, 1965 and 1967 state bar application forms concerning prior arrests and convictions.

Thereafter, at the petitioner's request, the board continued the inquiry in order to allow him to sit for the bar examination to be held during the month of September, 1967.

The petitioner took and passed the bar examination and additional hearings on his character and qualifications were

scheduled for November 17, 1967. These hearings were continued through November 18, 1967, and were primarily concerned with an incident which occurred in the month of September, 1967, just prior to the time the petitioner took the bar examination.

The board found that the petitioner, while employed as a law clerk of Jack Pursel, Esq., an attorney with offices in Las Vegas, attempted to coerce one Caroline Ann Brown into signing a prepared affidavit by threatening to have her arrested for prostitution if she did not sign. That incident took place in Jack Pursel's office without his consent or knowledge. It was further found that the petitioner had given false testimony under oath to the board concerning that incident.

In December, 1967, the petitioner filed a request for rehearing, which was granted by the board. Hearings were held on January 16, 1968 and on February 5, 1968. Thereafter the board recommended that the application of the petitioner be denied on the ground that he lacked the necessary moral character to become a member of the State Bar of Nevada.

As his specifications of error, the petitioner alleges:

1. That the incident involving Caroline Ann Brown was within the purview of the Administrative Committee of the State Bar of Nevada rather than the Board of Bar Examiners.

2. That the facts of the incident involving Caroline Ann Brown were insufficient to warrant the board's recommendation against the petitioner's admission to practice law in the state of Nevada.

3. That even if the investigations and hearings were within the purview of the Board of Bar Examiners, they were improperly conducted and the petitioner was denied due process of law.

4. That the delays by the Board of Bar Examiners were unreasonable and a denial of the petitioner of due process of law.

We find all of the petitioner's specifications of error to be without merit.

1. Nevada Supreme Court Rule 52(5) provides: "A false statement on the application forms filed with the executive secretary, or failure to set out information required on the forms, shall be sufficient cause for the denial of admission."

There is undisputed proof that the petitioner made several false statements on his three bar applications. Where, as in this case the false statements are clearly material and of such significance as to involve moral turpitude and lack of good

moral character, this alone is sufficient cause for the denial of admission under SCR 52(5).

The fact that the petitioner was allowed to take the bar examinations and to resubmit his application for admission to the state bar is in no way a waiver of the provisions of our rule 52(5), nor of the enforcement of its provisions.

2. The rule of law operative in fact patterns similar to the present one was recently enunciated in Hallinan v. Committee of Bar Examiners of State Bar, 421 P.2d 76 (Cal. 1966). The court said: "The findings of the Board of Governors of the State Bar or of a committee such as respondent, while given great' weight, are not binding upon this court. (Citations omitted.) The burden of showing that the findings are not supported by the evidence or that its decision or action is erroneous or unlawful is upon the petitioner. (Citations omitted.)

"There are some distinctions between admission proceedings and disciplinary proceedings, the essential one being that in the former the burden is upon the applicant to show that he is morally fit, whereas in the later the burden is upon the State Bar to prove that an attorney is morally unfit."

Here the petitioner bears the burden of overcoming the board's findings both as to the false statements in his application and in the incident involving Caroline Ann Brown. This he has failed to do.

The purpose of an investigation by the bar association into an applicant's moral character should be limited to an assurance that, if admitted, he will not obstruct the administration of justice or otherwise act unscrupulously in his capacity as an officer of the court.

We believe that the petitioner's persistent effort to conceal his past record from the Board of Bar Examiners and his utter failure to be candid in his response to the questions on the application form, together with his conduct as demonstrated by the incident involving Caroline Ann Brown can be characterized as involving moral turpitude.

The petitioner's prior arrests and convictions considered together with his continued failure to give straight forward, candid answers to questions on the bar application forms and

at the hearings, and his unscrupulous handling of the Brown affidavit is the type of conduct which has been held to justify non-admission to the bar. (See In re Wells, 163 P. 657 (Cal. 1917), devious in bar application and obtaining credit through misrepresentation.)

The fraudulent acts charged in the admission cases herein cited, like the conduct of the petitioner, necessarily impair the basic objects of the legal profession; they demonstrate in a variety of ways the moral turpitude that is present here.

The Board of Bar Examiner's investigation need not be confined to acts which have occurred since the petitioner first made application to take the bar examination but it may consider any act or course of conduct occurring at any time, prior to admission, provided they have a legal tendency to prove the applicant's present character.

In the case of In re Wells, supra, the court said: "While this conduct may not show great depravity of character, we think it must be admitted that it indicates in the respondent a want of that sincerity and integrity which the law demands of those who are to be allowed the privilege of practicing law. One who obtains credit by concealing material facts from the creditor and who, while endeavoring to practice in the superior court by indirection before he is admitted as an attorney, endeavors to induce witnesses to conceal the truth and to evade the giving of an honest answer, is not a person of that high character which the state intends shall be possessed by those who practice as attorneys in the courts." In re Florida Board of Bar Examiners, 183 So.2d 688 (Fla. 1966).

In re Farmer, 131 S.E. 661 (N.C. 1926), it was held that such a lack of moral perception or careless indifference to the rights of others was shown as to render the court unable to say that the applicant possessed the necessary and upright character to entitle him to a license to practice law.

3. All of the hearings conducted concerning this applicant met the procedural requirements of Ex parte Kellar, 81 Nev. 240, 401 P.2d 616 (1965). First, the petitioner was allowed to cross-examine all witnesses called against him. Second, the board appointed counsel to investigate, evaluate and present evidence. Third, the petitioner was given every opportunity to reply to or explain all documentary evidence presented against him.

In Schware v. Board of Bar Examiners of New Mexico, 353

U.S. 232 (1957), the court said: "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protections Clause of the Fourteenth Amendment." The court went on to say: "A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualifications must have a rational connection with the applicant's fitness or capacity to practice law * * *."

Here the evidence upon which the board relies raises substantial doubts as to the applicant's present good moral character.

4. All the procedural delays complained of by the petitioner were either ordered for good cause or were directly or indirectly occasioned by the petitioner.

Only after affording petitioner a full hearing which covered several separate sessions and continuances, at the request of the petitioner, to enable him to present additional evidence, and after causing an extensive investigation to be conducted, the board recommended that petitioner be denied admission to the bar.

Petitioner requests that this court exercise its inherent power and admit him to the practice of law in all courts of this state.

The Board of Bar Examiners, a committee of the State Bar of Nevada, opposed the admission of the petitioner and presented a record which indicates that the petitioner fails to possess the essential prerequisite to be admitted to the practice of law in this state.

The burden of establishing good moral character rests upon the applicant. Spears v. State Bar of California, 294 P. 697 (Cal. 1930); In re Garland, 28 P.2d 354 (Cal. 1934); In re Monaghan, 167 A.2d 81 (Vt. 1961); Application of Levine, 397 P.2d 205 (Ariz. 1964). On the present record, it must be held that the petitioner has failed to satisfy that burden.

We are satisfied that the refusal of the Board of Bar Examiners to recommend the petitioner for admission to practice law in the state of Nevada is based upon sound premises and valid grounds, and its requirement of good moral character has a rational connection with the petitioner's fitness to practice.

The petition is denied.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.