**In the Matter of Robert J. HELLER for Admission to the Bar of this court.**

**No. A–3–74.**

District of Columbia Court of Appeals.

Argued Jan. 23, 1975.

Decided Feb. 26, 1975.

Robert J. Heller, pro se.

William C. Gardner, Washington D. C., for respondent.

Before KELLY and GALLAGHER, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant passed the Bar Examination in this jurisdiction and on May 3, 1972 filed an application for admission to the Bar. After a certain amount of correspondence entailing the submission by him of records and documents, he was notified by the Committee on Admissions of this Court that the Committee was unwilling to certify his admission.[1] Appellant demanded a

---

1. Appellant had previously been denied the opportunity to take the bar examination in Florida, the state of his residence, on the ground that he was not of good moral character.

hearing before the Committee, according to his right under our Rules (Rule 46, pt. I(f)(1)). A hearing was later conducted at which he was given a full opportunity to be heard. Several days later, appellant was notified of the Committee's decision that an adverse report would be entered unless appellant should exercise his right to withdraw his application, this being a procedure accorded to him under our Rules (Rule 46, pt. I(f)(1)). Appellant elected not to do so and, upon receipt of the Committee's findings and conclusions, this court on May 16, 1974 entered an Order to Show Cause why his application should not be denied, following which appellant and the Committee filed briefs. Oral argument was held before the court, appellant appearing pro se.

Appellant makes two principal arguments. He contends that the standard of good moral character and general fitness to practice law is unconstitutionally vague; and he variously attacks the Committee's findings as not supporting the conclusion drawn from them and as not being in accord with the evidence and law.

■ It is true that the term "good moral character" is a term of broad dimensions and, as has often been said, can be defined in many ways. *E. g.,* Konigsberg v. State Bar of California, 353 U.S. 252, 262–3, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957). But one would be hard put to enunciate a better standard for admission to the Bar. "With us too [as with England] the requisite 'moral character' has been the historic unquestioned · prerequisite of fitness. * * * No doubt satisfaction of the requirement of moral character involves an exercise of delicate judgment on the part of those who reach a conclusion, having heard and seen the applicant for admission, a judgment of which it may be said as it was of 'many honest and sensible judgments' in a different context that it expresses 'an intuition of experience which outruns analysis and sums up many unnamed and tangled impressions,—impressions which may lie beneath conciousness without losing their worth.'" Schware v. Board of Bar Examiners of the State of New Mexico, 353 U.S. 232, 248, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957) (Frankfurter, J., concurring).

So, it would appear that appellant must meet the historic standard of "good moral character"—there being no better test for the purpose known to us; and the Committee on Admissions, and upon occasion this court, must apply the standard judiciously.

■ After the hearing, the Committee found that (a) appellant "knowingly pleaded guilty to the crime of receiving stolen goods" and (b) "does not honor commitments and obligations."

The Committee concluded that appellant had failed to carry his burden of demonstrating he is qualified for admission to the Bar of this jurisdiction (Rule 46, pt. I(e)). That Rule requires an applicant to demonstrate by a preponderance of the evidence that he is qualified and fit to practice law. Our review of the record shows the Committee's findings are supported.

The Committee's conclusion that the application should be denied is affirmed, and it is

Ordered that appellant's application be denied.