## IN RE BEASLEY.

### (ADMISSIONS DOCKET NO. 1)

PER CURIAM.

David Michael Beasley, III, has applied to this court for review of an adverse decision of the Board to Determine Fitness of Bar Applicants. See, generally, Code Ann. Ch. 9-1 Appendix.

1. He first contends that the entire board and each of its members were disqualified from acting in the matter of his application because each of the members of the board and its chief administrative officer were named by him as defendants in the case of Beasley v. Estes et al., Civil Action No. C78-1092A, in the United States District Court for the Northern District of Georgia.

No legal authority bearing on this ground for review has been furnished. Neither has any such authority been located by this court. Acceptance of this contention would frustrate entirely the process by which applicants for admission to the bar are determined to possess the requisite character and moral fitness. This ground of review is without merit.

2. Applicant next contends that the board erred in putting upon him the burden of proving that he possesses the requisite character and moral fitness to be admitted to the bar. He cites and relies upon Schware v. Board of Bar Examiners, 353 U. S. 232 (1957), in support of this position. The Schware case does not preclude a state from placing upon bar applicants the burden of proving their character and fitness. The requirements of Schware are

(1) that the qualification standard in issue have a rational connection with the applicant's fitness to practice law and (2) that there must be an adequate basis for the finding that the applicant fails to meet the standard. In other words, the right to practice law is not extended by the states as a matter of grace and favor. Willner v. Committee on Character and Fitness, 373 U. S. 96 (1963). In Schware, the conduct relied upon by the fitness board had happened some 15 years earlier, and the applicant had made a forceful showing before the board by his own testimony, as well as the testimony of others, of his present, good, moral character. Furthermore, the conduct was political in nature and federally protected or was for the purpose of interdicting ethnic discrimination being practiced against the applicant. The board's questionnaire did not request disclosure of one of the matters at issue.

We have before us today quite a different case. Representations made by Mr. Beasley on his application in response to questions asked of him the application were shown to be at variance with the facts. The question became one of whether these errors and omissions were wilful in order to conceal the whole truth or merely were inadvertent. Mr. Beasley tendered with his application, as amended, an undated and untitled document bearing the purported signature and seal of a California notary public which recites that: "D. Michael Beasley III states under oath that the facts alleged in his answers and defenses in the matter of his application to take the Georgia bar examination are true and correct to the best of his knowledge and belief." He did not appear personally either before the hearing examiner or before the entire board in support of his application. He appeared by counsel and his attorneys relied upon his "verification" of his pleadings and upon their contentions that the burden of proof was upon the state. The hearing examiner heard witnesses in his behalf as well as in behalf of the state.

The board rejected his contention that the errors and omissions were inadvertent because of the nature of the omitted material and the substantial number of the omissions. Additionally, the board relied upon the fact that "the Applicant was afforded the opportunity to be heard in his own behalf but failed to appear at such

hearing to explain why his application, as amended, contained so many 'inadvertencies' as they were characterized by him." The matters in issue included questions as to whether his reporting to the board of a marijuana conviction as a misdemeanor was an attempt to cover up the fact that it was a felony conviction later reduced to a misdemeanor, and the nature and dates of certain charges and convictions for drunkenness and drunk driving. The inquiry was directed not to the seriousness of these offenses themselves. Rather, it related to the inferences that could and should be drawn as to the applicant's candor and honesty because of the manner in which he had reported these matters to the board. Also involved was the question of whether he had intended by his responses to conceal the status of his child support payments under a divorce decree and two URESA orders. The board determined from the record of proceedings that in reporting these matters to the board, the applicant "displayed a lack of candor which indicates that the Applicant fails to possess the integrity and character requisite to be a member of the Bar of the State of Georgia."

In proceedings of this nature, the burden clearly rests upon the applicant to prove that he possesses the requisite character and moral fitness. In the Matter of Heller, 333 A.2d 401 (D.C. App. 1975), cert. den. 423 U. S. 840; Annos. 64 ALR2d 301, § 3, 88 ALR3d 192, § 2. These are not criminal proceedings and, accordingly, the board may draw an adverse inference from the failure of the applicant to appear personally and to testify in support of his application. The second ground of review is without merit.

3. Applicant next contends that the hearing examiner relied upon impermissible grounds; hence, that the board relied upon impermissible grounds when it approved and adopted the report of the hearing examiner and incorporated it into its order. The hearing examiner determined that the applicant had failed to comply with the child support obligations incorporated into his final judgment and decree of divorce entered by a Georgia court and had failed to comply with the child support (URESA) orders of courts in California and Georgia.

Failure to honor legal commitments and obligations is a proper ground for refusing to issue a certificate as to possession of the requisite character and moral fitness. In the Matter of Heller, supra. This ground of review lacks merit.

4. Applicant's fourth and fifth grounds for review contend that the record is without sufficient evidence to support the board's findings of wilfulness either as to the nonpayment of child support or as to the incomplete and inaccurate answering of questions about the status of his child support payments and the nature and status of his convictions. False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness. Greene v. Committee of Bar Examiners, 4 Cal.3d 189 (480 P2d 976); In re Martin-Trigona, 55 Ill.2d 301 (302 NE2d 68), cert. den. 417 U. S. 909; Petition of Bowen, 84 Nev. 681 (447 P2d 658); In re Willis, 288 N. C. 1 (215 SE2d 771), appeal dismissed 423 U. S. 976; Application of Walker, 112 Ariz. 134 (539 P2d 891), cert. den. 424 U. S. 956. Although applicant's present wife testified that his earnings while he was attending law school varied from being meager to being nonexistent, her testimony established that he had the capacity to labor while attending law school. Such evidence would suffice to support findings of ability to pay and wilful failure to pay on the hearing of a motion for contempt brought by his wife for nonpayment of child support. *Gillis v. Gillis,* 243 Ga. 1 (1979). His present wife testified further that he owned an automobile, although there was no evidence of its value. This evidence would support a finding of ability to pay, supporting an adjudication of wilful contempt for nonpayment of child support. *Huddleston v. Huddleston,* 189 Ga. 228 (5 SE2d 896) (1939). It is clear that a student-father cannot put his desire to pursue his education ahead of his obligation to support his children. "Though the husband may wish to pursue his scholarly endeavors on a full time basis, he is not relieved of his obligation to support his children. If he has the capacity to labor, he must do so for his children's support, and, if reluctant, may be compelled by the courts to do so." *Pierce v. Pierce,* 241 Ga. 96, 99 (243 SE2d 46) (1978). The various errors and omissions made by the

applicant in his application considered with the other evidence presented by the state and the failure of the applicant to support his application by his own testimony suffice to sustain the board's decision.

5. The sixth ground of review contends that the sanction of not certifying the applicant is too severe; rather, that the board should have allowed him to take the bar examination after a rehabilitation period. We disagree, based upon the record brought to this court for review. This ground of review is without merit.

*The decision of the board is affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1979.

*Al Horn, Bensonetta Tipton Lane,* for applicant.
*Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Jr., Assistant Attorney General,* for Bar Examiners.