S91A0700. IN RE RICHARD BARRETT.
(ADMISSIONS DOCKET NO. 110)
(401 SE2d 255)

PER CURIAM.

The Board to Determine Fitness of Bar Applicants, concurring with the recommendation of the hearing officer, declined to certify the applicant, Richard Barrett, as possessing that good character and moral fitness required to practice law in this state. Barrett appeals.

After a hearing, the hearing officer made findings of fact regarding the Board's specifications about Barrett, including his conduct as counsel for the Nationalist Movement in a proceeding before Judge William C. O'Kelley, United States District Court for the Northern District of Georgia, on January 19, 1989, as follows:

Barrett is a Founder and Principal in the Nationalist Movement which has been a highly visible and extremely controversial political group. While its membership is apparently small, its radical politics has attracted much attention and it has vigorously asserted constitutional rights under the First Amendment as in the matter brought before Judge O'Kelley.

During the course of the trial, Barrett was allowed to

proceed pro hac vice to represent the Nationalist Movement. He had previously appeared in a similar capacity before Judge O'Kelley and in other litigation in the Northern District Court. Events occurred during the course of the hearing which led Judge O'Kelley to enter an order on January 23, 1989 in which he found that Barrett ". . . was attempting to perpetrate a fraud upon the court by [his] actions." Specifically, Judge O'Kelley found Barrett violated Disciplinary Rules 7-102 (4) and (7). . . .

Barrett appealed the decision of Judge O'Kelley to the Eleventh Circuit. The appeal involved both the substantive issues [of the case] and the findings of Judge O'Kelley regarding Barrett's professional conduct. . . . [The] Eleventh Circuit reversed and remanded in part the trial court's judgment on the substantive issues. With regard to Judge O'Kelley's findings regarding Barrett's professional conduct, the Eleventh Circuit held:

> In particular, the evidence fully supports the finding that Barrett's examination of witness Wheeler as an 'acting secretary' of the Movement was an effort to commit a fraud on the court. Even the cold record demonstrates that Barrett attempted to establish a false appearance of Wheeler's competency to testify and to sponsor documents by giving him a manufactured title, when in reality Wheeler bore neither knowledge of nor responsibility over the subject matter. As this pretense unraveled under cross-examination, Barrett attempted to prevent discovery of the ruse through meritless objections, and later through leading questions on redirect examination.

*Nationalist Movement v. City of Cumming*, 913 F2d 885, 895 (11th Cir. 1990), vacated, 921 F2d 1326 (11th Cir. 1990).[1] The hearing of-

---

[1] The three-judge panel's opinion at 913 F2d 885 was vacated at 921 F2d 1125 (11th Cir. 1990) following a grant of rehearing en banc and was reheard without oral argument during the week of February 11, 1991. To date, the 11th Circuit has not issued a decision after its en banc consideration of the case. Regardless, the 11th Circuit's en banc decision in that appeal will have no effect on our decision in this case. The decision of the three-judge panel of the 11th Circuit at 913 F2d 885 was cited as part of the hearing officer's findings in support of his conclusion, with which we agree, that the transcript of the hearing before Judge O'Kelley on January 19, 1989, supports the determination by Judge O'Kelley, and by the three-judge panel of the 11th Circuit, that Barrett's conduct at the hearing before Judge O'Kelley constituted an attempt to perpetuate a fraud upon the court in violation of Canon 7 and Directory Rule 7-102 (A).

ficer concluded the transcript of the proceeding supported the determination of Judge O'Kelley, and the three-judge panel of the Eleventh Circuit Court of Appeals, that Barrett's conduct at the hearing before Judge O'Kelley on January 19, 1989, constituted an attempt to perpetuate a fraud upon the court in violation of Canon 7 and Directory Rule 7-102 (A). He concluded the specification regarding Barrett's conduct before Judge O'Kelley justified the refusal to certify Barrett's admission to the Bar.[2]

The record supports the Board's decision that Barrett has failed to carry the burden of proof that he possesses the requisite character and fitness to be a member of the Georgia Bar based on his conduct before Judge O'Kelley. *In re Beasley*, 243 Ga. 134, 136 (252 SE2d 615) (1979).

The Board's decision denying Barrett's certification is affirmed.
*All the Justices concur.*

DECIDED FEBRUARY 25, 1991 —
RECONSIDERATION DENIED MARCH 15, 1991.

Richard Barrett, *pro se.*
*Michael J. Bowers, Attorney General, Lekoff, Duncan, Grimes & Dermer, Joseph Lefkoff, Drew, Eckl & Farnham, Julia B. Anderson,* for Board to Determine Fitness of Bar Applicants.

---

[2] The hearing officer found the Board's remaining specifications against Barrett did not, alone, justify the refusal to certify Barrett for admission to the Bar.