### S00A0716. IN RE P.H.M.T.
(524 SE2d 729)

PER CURIAM.

In this case, the Board to Determine Fitness of Bar Applicants (the "Board") initially granted the applicant, P.H.M.T., a temporary certification of fitness to practice law. The Board, however, subsequently rescinded its temporary certification, and entered a tentative order denying P.H.M.T.'s application for certification of fitness.[1] Pursuant to Part A, Section 8 (a) of the Rules Governing Admission to the Practice of Law, P.H.M.T. requested a formal hearing on his application for certification. After the hearing, the hearing officer recommended that P.H.M.T. not be certified to practice law based upon his current application. The hearing officer based his recommendation upon his findings that P.H.M.T. had exhibited a lack of candor by giving incorrect and incomplete answers on his application and on other occasions and by engaging in one act of the unauthorized practice of law. The Board adopted the hearing officer's findings of fact and conclusions of law and denied P.H.M.T.'s application. P.H.M.T. now appeals.

In proceedings on applications for certification, the applicant bears the burden to establish that he has the requisite character and

---

[1] See Part A, Section 8 (a) of the Rules Governing Admission to the Practice of Law.

moral fitness to practice law.[2] Moreover, "[i]f there is any evidence to support the Board's decision, it will be upheld on appeal."[3] Here, the Board adopted the hearing officer's findings that P.H.M.T. exhibited a lack of candor by giving incorrect and incomplete answers on his application and on other occasions and by engaging in one act of the unauthorized practice of law. The record supports these findings, and we therefore conclude that we must affirm the Board's denial of P.H.M.T.'s application for certification. Moreover, it should be noted that, although an applicant for fitness has thirty days in which to file an appeal from the denial of his application, P.H.M.T. filed his appeal from the Board's denial of his application one month and twenty-four days after the Board sent its letter notifying P.H.M.T. of the denial. In this same vein, it should also be noted that, although P.H.M.T. obtained an extension of about three weeks in which to file his brief in support of his appeal, he did not file the brief until five weeks after the extended due date.

*Decision affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2000.

P.H.M.T., *pro se.*
*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General,* for appellee.

---

[2] *In re E. L. D.,* 268 Ga. 883 (494 SE2d 317) (1998); *In re C. R. W.,* 267 Ga. 534 (481 SE2d 511) (1997); *In re Beasley,* 243 Ga. 134, 136 (252 SE2d 615) (1979).

[3] *In re E. L. D.,* 268 Ga. 883; *In re C. R. W.,* 267 Ga. 534.