In the Supreme Court of Georgia

Decided:    September 14, 2015

S15Z0555.  IN THE MATTER OF JONATHAN RICHARD
HUDDLESTON.

PER CURIAM.

On January 28, 2013, Jonathan Richard Huddleston submitted an application for certification of fitness to practice law to the Office of Bar Admissions in order to take the Georgia Bar Exam. However, after considering Huddleston's application, the Board to Determine Fitness of Bar Applicants ("Board") found that the application showed that Huddleston demonstrated a lack of judgment, candor, integrity, character, professionalism, rehabilitation from prior unethical acts and the requisite moral fitness required of a prospective member of the State Bar of Georgia.

A hearing on the matter was held before a Special Master on May 29, 2014, and the Special Master found that Huddleston had falsely answered questions on his application for admission to Barry University School of Law; that he falsely answered questions on his application for transfer admission to

John Marshall Law School; and that he falsely answered questions and failed to fully disclose requested information on his original application for certification of fitness; all of which led the Special Master to conclude that "[Huddleston's] failure to adequately and fully disclose his previous arrests, charges, and convictions evidences a pattern of lack of candor and honesty." The Special Master recommended to the Board that it delay making any ruling on Huddleston's application for six months in order to give Huddleston an opportunity to provide any evidence of "positive action showing rehabilitation." However, while the Board accepted the Special Master's findings of fact and conclusions of law, it did not delay its ruling on Huddleston's application and voted to issue an Order of Denial to Huddleston, which prevented him from sitting to take the Bar Exam. Huddleston appeals from the Board's decision, and, for the reasons that follow, we affirm.

*Huddleston's Criminal and Academic History*

In order to place Huddleston's history of disclosures and omissions into proper context, some background information on Huddleston's criminal and academic history is required. With respect to criminal matters, Huddleston was

2

(1) arrested in Maryland in April 2006 for DUI, and this charge was later dismissed when Huddleston was sentenced to probation; (2) arrested in Georgia in August 2006 for DUI, and this charge was reduced to underage possession of alcohol based on a guilty plea from Huddleston; (3) arrested in Indiana in March 2007 for DUI, and he pled guilty to this charge; and (4) arrested in Atlanta and detained for disorderly conduct in August 2011, but he was released without formal charges being pursued. With respect to his academic history, as an undergraduate student at Indiana University, Huddleston was found to have plagiarized a class paper, and he was sanctioned by receiving no credit for the assignment. Before transferring to John Marshall Law School, Huddleston attended Barry University School of Law, where he was placed on academic probation for having a cumulative GPA of 1.860. While attending John Marshall Law School, Huddleston was dismissed from the school in June 2012 for failure to meet its academic standards, but was later reinstated in August 2012, which allowed him to graduate in the spring of 2013.

*Huddleston's History of Selective Disclosures*

On his April 29, 2010 application to Barry University School of Law, in which he certified that he had submitted "complete and correct" information,

Huddleston failed to disclose any of his prior arrests despite being specifically asked about any prior felony or misdemeanor charges. Also, despite having been sanctioned for committing plagiarism as an undergraduate student at Indiana University, he answered "no" when specifically asked:

> Have you ever been accused of cheating, plagiarism, or other academic dishonesty at any school? Have you ever been accused of a violation of an honor code or student conduct code, warned, placed on scholastic or disciplinary probation, suspended, expelled, or otherwise subjected to discipline by any college[?]

After being admitted to Barry University, Huddleston amended his application to disclose his March 2007 DUI charge and his plagiarism incident from Indiana University. Barry University sanctioned Huddleston and ordered him to perform ten hours of community service based on the "lack of candor" that Huddleston showed in his initial application. Despite the sanction and the amendments that Huddleston made to his application to reveal some of his history, Huddleston never amended his application to include his two other DUI arrests from 2006.

On his July 7, 2011 application for transfer admission to John Marshall Law School, despite again certifying that he was giving "complete and correct" information on his application, Huddleston answered "no" to the following question:

4

> Excluding parking violations, have you ever been detained, arrested, formally accused, cited, or prosecuted for the violation of any law? Note: you must disclose each instance even though the charges may have been dismissed or you were acquitted or allowed to plead nolo contendere or an adjudication was withheld, or you were pardoned or a conviction was reversed, set aside, or vacated, or the record sealed or expunged and regardless of whether you have been told you do not need to disclose such an instance.

He also failed to disclose his academic probation from Barry University School of Law, his sanction from Barry University based on his "lack of candor" in his initial law school application, and his plagiarism incident from Indiana University after answering "no" to the question:

> Have you ever been subject to dismissal, suspension, probation, warning, or other academic or disciplinary sanction by any college, university, or professional school?

A year and a half later, after having already been admitted into John Marshall Law School and nearing graduation, in January 2013 Huddleston amended his John Marshall application to disclose an "open container" charge from August 2006, his DUI from March 2007, and the plagiarism incident at Indiana University. He amended his application again in May 2013, disclosing for the first time that the August 2006 open container charge was originally a DUI. Huddleston then attempted to amend his application a third time to include

5

his April 2006 DUI arrest in Maryland, but the Dean of John Marshall Law School did not approve this request to amend, stating in a June 10, 2013 letter to Huddleston that

> there must come a point when you are held responsible for not being fully forthcoming. I cannot place any type of imprimatur on your conduct of not being completely forthcoming. I initially gave you the benefit of the doubt, twice. I simply cannot do that anymore.

Notably, Huddleston never attempted to amend his application to include his August 2011 disorderly conduct arrest that occurred only one month after he submitted his application to John Marshall, despite the fact that the application stated that Huddleston was required to "promptly advise the Director of Admissions of any change in any of the facts indicated in [the] application"; nor did he ever attempt to include his history of academic sanctions from Barry University School of Law.

*Huddleston's Application for Certification of Fitness to Practice Law*

In connection with his January 28, 2013 application for certification of fitness, Huddleston submitted a signed affidavit stating that the answers in his application were true and correct. However, he answered "no" in response to question 12.1 of the application, which stated:

> Have you ever been dropped, suspended, warned, placed on scholastic or disciplinary probation, expelled or requested to resign from any college, university or law school or otherwise subjected to discipline by any such institution or advised by any such institution to discontinue your studies therein?

He did not disclose that he had been placed on academic probation at Barry University School of Law, and he did not disclose that he had been dismissed for two months from John Marshall Law School due to his poor academic performance there.

Huddleston also failed to disclose his 2006 DUI arrest in Maryland despite being asked to disclose every instance in which he had ever been "charged with or cited for driving under the influence of alcohol or drugs," and he failed to disclose his 2011 arrest for disorderly conduct after answering "no" to a question regarding whether he had "ever been detained, arrested, formally accused, cited, or prosecuted for the violation of any law."

In a letter mailed from the Office of Bar Admissions on March 5, 2013, Huddleston was advised that his application for certification of fitness was "incomplete," in that he had failed to disclose his dismissal from John Marshall Law School in response to question 12.1 of the application. The letter also stated that an amendment should be made to the application within thirty days. Three

months later, on May 13, 2013, Huddleston amended his response to question 12.1 to disclose his dismissal from John Marshall, but he still did not disclose his academic probation from Barry University School of Law in order to complete his response to the question. At the end of May, Huddleston further amended his application to include his 2006 DUI arrest in Maryland and his 2011 arrest for disorderly conduct. However, he never amended his application to disclose his academic probation from Barry University School of Law.

*Analysis*

> The function of the Fitness Board is to prevent those not demonstrating the requisite moral character and fitness from being allowed to become lawyers. This is for the protection of the public, because by admitting a person to the practice of law, the bar holds that person out to the public as worthy of patronage and confidence.

(Citation omitted.) In re Cason, 249 Ga. 806, 809 (294 SE2d 520) (1982). In this regard, "[t]his [C]ourt's primary responsibility is to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs." (Citation and punctuation omitted.) In re Lubonovic, 248 Ga. 243, 244 (1) (282 SE2d 298) (1981). Huddelston, as the applicant, "bears the burden to establish that he has the

8

requisite character and moral fitness to practice law" ((Footnote omitted.) <u>In re P.H.M.T.</u>, 272 Ga. 19 (524 SE2d 729) (2000)), and "[f]alse, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness." (Citation omitted.) <u>In re Beasley</u>, 243 Ga. 134, 137 (4) (252 SE2d 615) (1979). "Generally, if there is any evidence to support the Board's decision regarding the fitness of a Bar applicant, it will be upheld." (Footnote omitted.) <u>In the Matter of Spence</u>, 275 Ga. 202, 204 (563 SE2d 129) (2002).

Here, evidence supports the Board's conclusion that Huddleston has not carried his burden of establishing that he has the requisite character and moral fitness to practice law. Indeed, in both of his initial law school applications and in his original application for certification of fitness, Huddleston consistently chose to conceal, rather than disclose, his relevant criminal background and academic history. He repeatedly gave false answers to direct questions about his criminal and academic background, and, even when directly confronted about his lack of candor on numerous occasions, he still chose to omit relevant portions of his record that should have been revealed from the beginning. Rather than showing that Huddleston has the requisite character and moral fitness to

9

practice law, the record reveals that Huddleston

> has an inclination for misleading and evasive behavior regarding inquiries into his criminal past and his [academic background] which, at best, shows a complete lack of diligence and judgment, which goes to his fitness, and, at worst, a lack of candor, which goes to his character. His . . . lack of complete candor during the law school application process and the bar application process evidence a lack of judgment and a failure of integrity, character, professionalism, and the requisite moral fitness required of prospective members of the Bar.

In re Payne, 289 Ga. 746, 749 (1) (715 SE2d 139) (2011).

The Board properly denied Huddleston's application for certification of fitness to practice law. Id.

Denial of certification affirmed. All the Justices concur.