305 Ga. 504
FINAL COPY

S18Z1232. IN THE MATTER OF LAJUAN MIGUEL CERTION.

PER CURIAM.

In February 2016, LaJuan Miguel Certion submitted an application for certification of fitness to practice law to the Office of Bar Admissions. The Board to Determine Fitness of Bar Applicants (the "Board") denied Certion's application, which prevented him from sitting for the Georgia Bar exam. Certion appeals, and, for the reasons explained below, we affirm.

In Certion's application, he disclosed that he was arrested in August 2015, after his second year of law school, for assault and false imprisonment in Charlotte, North Carolina. His explanation for the incident was that, in July 2015, he and the victim were hanging out one evening and that, when he told her that they were just friends, not boyfriend-girlfriend, she became upset. In his application, he explained that, after that discussion, he and the victim were "play wrestling/fight[ing] like [they] always did and she spent the night and left in the morning." The victim obtained a temporary protective order (TPO) and later

brought criminal charges. Certion stated that he was found guilty of assault and false imprisonment and that, at the time of the application, he was "appealing the decision[;] the case is pending." Based on this information in Certion's application, the Board requested an informal conference.

The informal conference with the Board was held on May 2, 2017. Members of the Board asked Certion whether there was any truth to the victim's allegations in her TPO application that Certion grabbed her, threw her down, and punched her and that, when she attempted to leave, he dragged her by the hair to the bed and choked her for several seconds to prevent her from leaving. Certion responded that there was "some truth," but he denied nearly all of the allegations of violence, saying he never dragged her, never punched her, and never choked her. Certion acknowledged, however, that the victim received bruises from his actions during the incident, although he had no bruising. Certion averred that the victim lied to the police when she applied for a protective order after the incident because she was jealous of his involvement with another woman. Certion stated that, after being found guilty, he appealed

and, on advice of counsel, "took an Alford plea" to resolve the case.[1] As part of the conditions of probation, the court ordered him to perform 30 hours of community service and to complete a batterers' intervention program. He stated that, although he believed he was innocent of assault and false imprisonment, he accepted the plea offer because it was "a guaranteed dismissal" of the charges after he completed his community service and the class. In terms of whether he felt remorse, Certion stated that he did, explaining that he did not blame the victim, but blamed himself for "putting [the victim] in that situation[ and] putting [himself] in that situation," because, if he had just moved away from Charlotte a year earlier, "none of this would have happened." When asked what he learned from the experience, Certion stated that he learned to be careful in choosing with whom to become involved and how to end relationships by just walking away.

After the informal conference, the Board issued an order tentatively denying Certion's application, and Certion requested a formal hearing before the Board issued a final order. In advance of the formal hearing, the Board issued

---

[1] See North Carolina v. Alford, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970). The record shows that charges were resolved under a statutory provision for conditional discharge of misdemeanor offenses under specified circumstances. N. C. Gen. Stat. § 15A-1341 (a4).

written specifications in support of its tentative denial, finding that Certion's actions constituted a pattern of conduct that demonstrated a lack of rehabilitation, candor, judgment, integrity, character, and the requisite moral fitness required of a prospective member of the Georgia Bar.

A Special Master, Delia Crouch, conducted the formal hearing on February 15, 2018. At the hearing, Certion stated with regard to the July 2015 incident that, after his relationship with the victim became sexual, he let his emotions get the best of him, and he admitted that he had gotten on top of the victim, held her down, and hit her on the arm, causing bruising. He admitted that in material respects the victim was telling the truth in her reports to law enforcement. He admitted that he had not been completely candid in his informal conference with the Board regarding his role in the incident. Certion also called a character witness, who observed that Certion had matured in the three years since the assault charge, showed remorse for his conduct then, never blamed the victim, and was committed to giving back to the community.

The Special Master issued her report on March 5, 2018. The Special

Master found that Certion's demeanor[2] and responses in his first appearance

before the Board and in the formal hearing were markedly different. The Special

Master found that Certion's testimony revealed that he had been unprepared for

the interview before the Board, that he had not sought any legal advice before

appearing, and that he did not understand that his first appearance before the

Board was his opportunity to express his remorse for his actions and to

demonstrate his rehabilitation. He would have responded differently when

questioned about his role in the incident that resulted in criminal charges had he

understood the purpose of the interview. The Special Master found that, when

confronted with the possibility that he would be denied the opportunity of a

career for which he had trained, it was not unreasonable to expect that Certion

would try to present himself in the best possible light before the Board,

particularly since he was unprepared for the experience. She found that Certion

was nervous at the interview and answered the Board's questions about the July

2015 incident defensively, out of shame, not in an attempt to deceive anyone

and that his lack of candor before the Board was not necessarily the result of an

---

[2] We note that the Special Master was not present at the informal conference and drew inferences regarding Certion's demeanor from the transcript.

innate lack of integrity.

The Special Master found that Certion was candid at the formal hearing about the July 2015 incident, that he was able to articulate that his actions were wrong, and he claimed his acceptance of responsibility for his actions without blaming the victim. She found that Certion demonstrated his remorse for the events leading to the criminal charges and for his lack of candor in his application and informal conference.

In addition, the Special Master found that Certion demonstrated his rehabilitation by showing that no other allegations were made against him either before or after the July 2015 incident, that he continued to perform community service, including mentoring at-risk youth, and that he was gainfully employed in a law-related field. She noted his testimony that the batterers' intervention program taught him how to handle his emotions and that he was thankful for what he had learned in the program. The Special Master found that Certion's crime, although inexcusable, was not one of dishonesty, deceit, or thievery, and therefore there is little need to protect the public from him as a lawyer. The Special Master recommended that Certion's application for certification of fitness to practice law be granted.

After reviewing the record and the Special Master's recommendation, the Board concluded that Certion did not carry his burden of establishing that he possessed the character and fitness requisite to be a member of the Bar of Georgia. The primary basis for the Board's decision was Certion's admitted lack of candor before the Board at his informal conference about his conduct that led to criminal charges being brought against him for assault and false imprisonment, along with its underlying concerns related to that criminal conduct. The Board found that Certion's conscious decision to make untruthful statements during the informal conference reflected deficiencies in the honesty, trustworthiness, and judgment required for admission to the Bar. Based on these findings, the Board issued an order denying Certion's application on April 16, 2018.

On appeal, Certion contends that the Special Master had the opportunity to observe Certion and his character witness and to "take their full measure," and that the Special Master found that he had addressed each of the Board's specifications by explaining the reasons for his earlier lack of candor and showing his rehabilitation and judgment. He argues that "[t]he review process would be turned on its head if, after a hearing, the Fitness Board could simply

deny the application by reasserting the same grounds addressed by the special master." Certion misconstrues the respective roles of the Board, the Special Master, and this Court.

> The function of the Fitness Board is to prevent those not demonstrating the requisite moral character and fitness from being allowed to become lawyers. This is for the protection of the public, because by admitting a person to the practice of law, the bar holds that person out to the public as worthy of patronage and confidence. In this regard, this Court's primary responsibility is to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs. [Certion,] as the applicant, bears the burden to establish that he has the requisite character and moral fitness to practice law, and false, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness.

In the Matter of Huddleston, 297 Ga. 726, 730-731 (777 SE2d 438) (2015) (citations and punctuation omitted). "Throughout the application process, the applicant bears the burden of establishing [his] fitness to practice law." In re C. R. W., 267 Ga. 534, 534 (1) (481 SE2d 511) (1997) (footnote omitted). When an applicant requests a formal hearing after notice of a tentative denial of the application, "[t]he hearing officer's findings of fact and recommendations are not binding upon the Board or this Court. If there is any evidence to support the

8

Board's decision, we will uphold it." Id. (footnote omitted). See also In the Matter of Spence, 275 Ga. 202, 204 (563 SE2d 129) (2002) ("This Court is, of course, very deferential to the Board in these matters. Generally, if there is any evidence to support the Board's decision regarding the fitness of a Bar applicant, it will be upheld. Nonetheless, the ultimate decision regarding a Bar candidate's fitness to practice law is made by this Court." (footnote omitted)).

Here, Certion chose to minimize, rather than own up to, his relevant criminal conduct both in his application for certification of fitness and in his informal conference with the Board. While the Special Master may have been persuaded by the changes in Certion's demeanor and forthrightness between the informal conference and the formal hearing, the Board was entitled to reweigh the evidence and come to its own conclusions. To the point, the evidence authorized the Board to find that Certion's lack of candor during the earlier stages of the bar application process was more indicative of his true character than his acceptance of responsibility at the eleventh hour. We conclude that evidence supports the Board's conclusion that Certion has not carried his burden of establishing that he has the requisite honesty, trustworthiness, and judgment required for admission to the Bar. Consequently, we affirm the Board's decision

9

to deny Certion's application for a certificate of fitness. See In the Matter of Montesanti, 304 Ga. 380, 381 (1) (818 SE2d 585) (2018); In the Matter of Huddleston, 297 Ga. at 731; In the Matter of White, 283 Ga. 74, 75-76 (656 SE2d 527) (2008).

Denial of certification affirmed. All the Justices concur.

Decided March 11, 2019.

Certification of fitness to practice law.

R. Gary Spencer, for Certion.

Heidi M. Faenza; Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Brittanie D. Browning, Assistant Attorney General, for Office of Bar Admissions.