312 Ga. 630
FINAL COPY

S21Z0853.  IN THE MATTER OF GREGORY BARTKO.

PER CURIAM.

Gregory Bartko appeals the decision of the Board to Determine Fitness of Bar Applicants ("Board") denying his petition for a waiver of its policies regarding character and fitness applications and administratively withdrawing his application.  For the reasons set forth below, we affirm the Board's decision.

The record shows that Bartko was first licensed to practice law in Georgia in 1995.  In 2014, Bartko voluntarily surrendered his license to practice law, which is functionally equivalent to disbarment, after he was found guilty of federal charges of conspiracy, mail fraud, and selling of unregistered securities.  He was sentenced to 272 months' imprisonment and ordered to pay $885,946.89 in restitution.  The conviction was affirmed on appeal. See generally *In the Matter of Bartko*, 295 Ga. 862 (764 SE2d 553) (2014).

In December 2020, while temporarily moved to home confinement under the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Bartko filed his application for certification of fitness to practice law. In his application, Bartko acknowledged that he has approximately ten years remaining of his original prison sentence. The record also shows that he has paid virtually none of the restitution.

Bartko later petitioned the Board to waive application of its policy of not considering applications from currently incarcerated individuals until after the applicant's sentence is completed. Though he is out of prison, Bartko is still serving his sentence of incarceration at home under the CARES Act. The Board denied the petition, explaining that Bartko had not shown sufficient cause to warrant any waiver of the policies. The Board's purpose is to protect the public from unfit lawyers. See *In the Matter of Huddleston*, 297 Ga. 726, 730 (777 SE2d 438) (2015). Permitting someone to practice law while serving a prison sentence would undermine the public's trust in the legal profession. See *In the*

2

*Matter of Stoner,* 246 Ga. 581 (272 SE2d 313) (1980) ("[T]he appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other disciplinary problem."). Bartko is still serving a lengthy sentence for serious offenses, including fraud, and he has made little progress toward satisfying his obligation to pay restitution. Consequently, we affirm the Board's decision denying the waiver.

*Denial of waiver affirmed. All the Justices concur.*

Decided October 5, 2021.

Certification of fitness to practice law.

*Heidi M. Faenza, Rebecca S. Mick*, for Office of Bar Admissions.

*Christopher M. Carr, Attorney General, Bryan K. Webb, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Lee M. Stoy, Jr., Assistant Attorney General*, for Board to Determine Fitness of Bar Applicants.

3