S98Y0774. IN THE MATTER OF CHARLES N. HAWK III.
(496 SE2d 261)

PER CURIAM.

This disciplinary matter is before the court on the special master's recommendation that Respondent Charles N. Hawk III be disbarred for violations of disciplinary Standards 4 (lawyer shall not

engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 45 (b) (lawyer shall not knowingly make a false statement of law or fact); 45 (e) (lawyer shall not knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule); 45 (f) (lawyer shall not institute, cause to be instituted or settle a legal proceeding or claim without proper authorization); 61 (lawyer shall promptly notify client of the receipt of client's funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client); 63 (lawyer shall maintain complete records of a client's properties and render appropriate accounts to the client); 65 (A) (lawyer shall not commingle client's funds with his own nor fail to account for trust property); 65 (D) (no personal funds shall be deposited into trust account, no funds shall be withdrawn from trust account for lawyer's personal use); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). The State Bar filed Formal Complaints against Hawk in three separate matters, which were consolidated for hearing purposes. Because Hawk failed to respond to discovery (failed to appear at depositions and failed to produce documents, despite agreeing to do so), the special master found that he intentionally or consciously failed to act as required under the discovery rules and granted the State Bar's motion for sanctions, striking Hawk's answers. Therefore, the facts alleged and violations charged in the Formal Complaints are deemed admitted. Based on those admissions, we agree with the special master that Hawk should be disbarred.

In one of the cases before the court, Hawk represented to an insurance company representative that he still represented a client who had fired him, and he negotiated a settlement without the client's knowledge or authorization. When he received the settlement funds, Hawk deposited them into his firm's operating account based on a forged endorsement. He did not notify the client, deliver the funds to her, or account to her for the funds, despite her requests for same. In another case, Hawk failed to respond to a Notice of Investigation within the time prescribed under Bar Rule 4-204.3 and, in the last case, Hawk prepared and presented numerous checks written on his trust account that were returned for insufficient funds. He commingled trust funds with his personal funds and made personal use of the trust funds.

We agree with the special master that disbarment is warranted as a result of Hawk's violations of Standards 4, 45 (b); 45 (e); 45 (f); 61; 63; 65 (A); 65 (D); and 68. We also agree that the following aggravating circumstances are present in this case: dishonest or selfish motive; multiple offenses; a pattern of misconduct; obstruction of the disciplinary process by intentionally failing to comply with the rules of the disciplinary agency; refusal to acknowledge the wrongful

nature of his conduct; and substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (b); (c); (d); (e); (g); and (I).

Accordingly, Hawk is disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 2, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.