S02Z1336. IN THE MATTER OF TERRY GLENN LEE.
(571 SE2d 720)

PER CURIAM.

Terry Glenn Lee applied to the Board to Determine Fitness of Bar Applicants for certification of fitness to practice law. The Board tentatively determined that it would not certify Lee and he sought a formal hearing. This Court appointed a hearing officer who conducted a hearing and found that in 1998, Lee pleaded guilty to six counts of unauthorized practice of law, having intentionally held himself out to be an attorney on a number of occasions; that he con-

tinues to justify or minimize the wrongful nature of that conduct by making excuses and asserting that he only violated the law technically; that he has shown no remorse for his conduct and has failed to show full rehabilitation (having brought suit in federal court against the attorney and investigator who brought and pursued the unauthorized practice of law charges); and that Lee lacked candor in the application process. Based on these findings, the hearing officer concluded that Lee failed to show that he (1) is of good moral character and (2) has been rehabilitated. Accordingly, he recommended that Lee's application for certification of fitness to practice law be denied. The Board approved the hearing officer's recommendation and Lee appeals.

Throughout the application process, the burden rests upon the applicant to establish his or her fitness to practice law. *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997). In this case, because Lee has a criminal record, his burden assumes an additional load: He must show "full and complete rehabilitation subsequent to conviction . . . by clear and convincing evidence." *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982). Lee failed to carry his burden.[1]

> For bar fitness purposes, rehabilitation is the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society. See Webster's Third International Dictionary (Unabridged) (1967). Payment of the fine or service of the sentence imposed, and not committing further crimes, standing alone, do not prove rehabilitation. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society.

*In re Cason*, supra at 808-809.

Lee intentionally misled a number of individuals by representing himself as an attorney. Although Lee pleaded guilty to that criminal conduct, paid a fine, and completed the terms of his probation, he has yet to demonstrate a mature and responsible approach to the seriousness of his crimes. On the contrary, Lee has shown no remorse for his conduct and continues to justify, minimize, or blame others for his crimes. That does not add up to a showing of rehabilitation by clear and convincing evidence.

---

[1] Lee asserts he has no criminal record because he was given first offender treatment. We disagree. The Board can determine whether an applicant committed a crime even if charges against the applicant were ultimately dismissed. *In re Cason*, supra, n. 2.

*The decision of the Board is affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002 —
RECONSIDERATION DENIED NOVEMBER 22, 2002.

Terry G. Lee, *pro se.*

*Thurbert E. Baker, Attorney General, Kathryn L. Allen, Senior Assistant Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew,* for appellee.