S03Z1554. IN THE MATTER OF ROBERT L. ADAMS.
(585 SE2d 879)

PER CURIAM.

Robert L. Adams appeals the final decision of the Board to Determine Fitness of Bar Applicants (the "Board") denying his certification for fitness to practice law. For the reasons that follow, we affirm.

Adams is a 1980 graduate of Woodrow Wilson Law School. Originally certified while still in law school, Adams sought recertification from the Board in 1986, 1991, and 1998. Evidence presented to the

hearing officer reflects that Adams submitted six bad checks to the Office of Bar Admissions between 1981 and 1998. Adams' financial history includes bankruptcy actions filed in 1983, 1986, 1990, 1992, 1996, 2001 and 2002.[1] In 1998 Adams was charged with one felony count of obtaining money by false pretenses and one count of felony bad check; he pled guilty to one count of misdemeanor bad check in 1999 and has successfully completed his sentence and probation. The hearing officer found that Adams submitted no evidence and offered no compelling testimony that would indicate his financial difficulties were at an end or that he was successfully rehabilitated. After a review of the record, the Board formally denied Adams' application for certification.

Throughout the application process, the burden rests upon the applicant to establish his or her fitness to practice law. *In the Matter of Lee*, 275 Ga. 763 (571 SE2d 720) (2002). Certification may be denied on the basis of lack of fiscal responsibility. *In re C.R.W.*, 267 Ga. 534 (481 SE2d 511) (1997). Further, because Adams has a criminal record, he was required to show "full and complete rehabilitation subsequent to conviction . . . by clear and convincing evidence." *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982).

This Court will uphold the Board's decision if there is any evidence to support it. *In re R.M.C.*, 272 Ga. 99 (525 SE2d 100) (2000). A review of this record shows that Adams has not met his burden of showing a good faith effort to meet his obligations and has not established a sufficient payment history in view of his past financial difficulties. "Because the Board's and this Court's primary concern in admitting persons to the practice of law is the protection of the public, any doubts must be resolved against the applicant and in favor of protecting the public." (Footnote omitted.) *In re C.R.W.*, supra, 267 Ga. at 535. In light of this concern and all the circumstances detailed above, we cannot say the Board's decision lacks foundation in fact and we affirm.

*Decision affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 2003.

*Robert L. Adams*, pro se.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Kristin L. Miller, Assistant Attorneys General, Hulett H. Askew*, for appellee.

---

[1] Two of those actions were dismissed and one is still pending.