*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

## S04Z1637. IN THE MATTER OF MICHAEL GRADY JENKINS.
(603 SE2d 218)

PER CURIAM.

Michael Grady Jenkins appeals the final decision of the Board to Determine Fitness of Bar Applicants (the "Board") denying his certification for fitness to practice law. For the reasons that follow, we affirm.

From January 1993 to December 2002, Jenkins served as the chief magistrate for Screven County, a full-time position.[1] During that time Jenkins attended John Marshall Law School in Atlanta (September 1997 to April 2000). In 2001 Jenkins applied for certification of fitness to practice law. His application disclosed that the Screven County Board of Commissioners had filed a complaint against him with the Judicial Qualifications Commission ("JQC"), and that body had made a determination to issue a public reprimand. After Jenkins accepted the public reprimand,[2] the Board requested an informal interview with him to obtain further information. Subsequent to that interview, three additional complaints were filed with the JQC; the Board tabled Jenkins' application until those matters were resolved. In the interim, Jenkins resigned from his office as chief magistrate, and the JQC notified the Board that the three pending complaints against Jenkins had been closed. Thereafter, the Board independently investigated the conduct underlying the JQC reprimand, and tentatively denied Jenkins' fitness application. The Board enumerated eight specifications which it determined "constitute a pattern of conduct that demonstrate a lack of integrity, character and

---

[1] A law degree/Bar membership was not a requirement of that office.

[2] Jenkins was publicly reprimanded by the JQC for violations of Canon 3A ("The judicial duties of judges takes precedence over all their other activities"), and Canon 5A ("Judges may not engage in such avocational activities as detract from the dignity of their office or interfere with the performance of their judicial duties") of the Code of Judicial Conduct, in the following manner: "by attending law school in Atlanta, Georgia and therefore being repeatedly absent from the Magistrate Court Office . . . you have failed to promptly and fairly attend to the business of the court." By accepting the reprimand, Jenkins acknowledged that misconduct.

the requisite moral fitness required of a prospective member of the State Bar of Georgia."

Jenkins requested a formal hearing pursuant to the Supreme Court of Georgia Rules Governing Admission to the Practice of Law, Pt. A, § 8 (a). Following that evidentiary hearing, a hearing officer made the following findings: While attending law school, Jenkins was absent from his office as chief magistrate up to two days a week for two and one-half years while continuing to receive his full salary, thus requiring the county to incur the expense of appointing a deputy magistrate to perform Jenkins' duties and also burdening the office of the district attorney; Jenkins refused a request from the county commissioners that he cease attending law school and return to his full-time duties; at the informal hearing before the Board, Jenkins denied that he neglected the business of his court while he was in school, thus disavowing what he had publicly acknowledged as part of the JQC reprimand — "[t]his damages his candor and trustworthiness"; any admission of wrongdoing was "begrudging and qualified, at best"; Jenkins prepared legal documents for two individuals, and in so doing, he engaged in the unauthorized practice of law; in failing to refer those individuals to an attorney, Jenkins "failed to demonstrate appropriate ethical cognizance and maturity"; Jenkins should have recognized that his conduct in this regard was "inappropriate"; although Jenkins conducted his insurance business from the magistrate's office, such was "insignificant in amount"; allegations that Jenkins showed disrespect and lack of ethics toward litigants were not established; four of the five complaints filed against Jenkins by litigants in his court were dropped when Jenkins resigned as magistrate, and therefore were unproven allegations.

In Jenkins' favor, the hearing officer determined that Jenkins sought and received "authorization" to attend law school from the County Manager and a superior court judge who appointed the second magistrate to assist Jenkins. In addition, the JQC recommended that the public reprimand administered to Jenkins "should not be considered an impediment or prohibition against [Jenkins] being approved to sit for the Bar examination and becoming licensed to practice by the State Bar of Georgia."

The hearing officer balanced the various factors and recommended, "not without some reservations," that Jenkins be certified as fit to sit for the Bar examination. The Board considered the record before the hearing officer and rejected his recommendation. As a result, Jenkins was notified that he was not certified as fit to practice law, and a formal order was entered by the Board denying his application. A timely notice of appeal was filed.

Throughout the application process, the burden clearly rests upon the applicant to prove that he possesses the requisite character

and moral fitness to practice law. *In the Matter of Lee*, 275 Ga. 763, 764 (571 SE2d 720) (2002). The hearing officer's findings of fact and recommendations are not binding upon the Board. Supreme Court of Georgia Rules Governing Admission to the Practice of Law, Pt. A, § 8 (c). "This Court will uphold the Board's decision if there is any evidence to support it." *In the Matter of Adams*, 277 Ga. 34, 35 (585 SE2d 879) (2003).

Jenkins asserts that the Board cannot disregard a finding of the JQC that his efforts to improve on his ability as a magistrate judge by attending law school "was undertaken in good faith," and should not be an impediment to becoming licensed to practice law in this state. However, the Board is an independent body whose function is to inquire into the character and fitness of applicants for admission to the practice of law in this state and to certify as fit those applicants who have established to the Board's satisfaction the requisite integrity and character. As noted previously, the findings of the hearing officer are not binding on the Board. Nor are the findings and conclusions of the JQC binding upon this Court. See Rules of the Judicial Qualifications Commission, Rule 16 (a) (petition to modify or reject the recommendation of the JQC may be brought to the Supreme Court); *In the Matter of Inquiry Concerning a Judge*, 275 Ga. 404 (566 SE2d 310) (2002) (recommendations of the JQC are not binding upon this Court). Similarly, the findings of the JQC in this case, while relevant to the applicant's fitness, are not determinative of the ultimate issue to be decided by the Board.

"Because the Board's and this Court's primary concern in admitting persons to the practice of law is the protection of the public, any doubts must be resolved against the applicant and in favor of protecting the public." *In re C.R.W.*, 267 Ga. 534, 535 (3) (481 SE2d 511) (1997). Considering this caveat, and in light of all the circumstances enumerated above, we find that the Board's decision is supported by the evidence. Accordingly we affirm.

*Decision affirmed. All the Justices concur, except Sears, P. J., and Benham, J., who dissent.*

DECIDED SEPTEMBER 13, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

*Parks, Chesin & Walbert, A. Lee Parks*, for Jenkins.
*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Kristin L. Miller, Assistant Attorneys General*, for Bar Admissions.