S07Z1294. IN THE MATTER OF WILLIE JAY WHITE.
(656 SE2d 527)

PER CURIAM.

In October 2005, Willie Jay White applied to sit for the Georgia Bar Exam. As part of the application process, White submitted a request for certification of fitness to practice law. The Board to Determine Fitness of Bar Applicants ("Board") denied White certification of fitness to practice law, and White appealed.

In his application, White provided information, as required, regarding a one-year academic suspension for plagiarism resulting from an incident at the end of his second year of law school. The Board conducted an investigation, which included an informal interview by the full Board. The Board members' primary concern was White's lack of candor during the fitness application process itself. As one Board member explained, the only applicants the Board interviews personally are those who have made "mistakes" in the past, and "candor is particularly important" to the Board in deciding whether to certify these applicants as nevertheless fit to practice law.

A majority of the Board told White directly or by clear implication that they did not believe his account of how and why he had submitted a paper at the end of his second year of law school that was a virtually verbatim reproduction of sections of five previously published sources, none of which was cited in the paper. The Board gave White multiple opportunities to provide a fuller and more convincing explanation for his conduct, but he declined to do so. The Board voted tentatively to deny White certification of fitness to practice law.

White requested a formal hearing, and a hearing officer was appointed to review the matter. At the hearing, White again failed to offer any credible explanation for his plagiarism. Despite the overwhelming evidence to the contrary, White was either unwilling or unable to admit that he deliberately took sections of five previously

published works, typed them word-for-word into his computer, made minute changes in citations and wording, and then printed out the resulting 35-page paper with 211 footnotes and submitted it to his professor as his own work.

The hearing officer submitted a written report and recommendation to the Board. The hearing officer specifically found that White's explanation of the plagiarism incident was not credible, that he had not yet accepted full responsibility for his actions, and that he did not currently possess the character and fitness required of a prospective member of the State Bar. The hearing officer recommended final denial of White's application for certification of fitness to practice law, and the Board adopted White's recommendation.

The applicant bears the burden of establishing that he or she is fit to practice law.[1] Where the evidence for and against certification of fitness is in equipoise, the applicant has failed to carry this burden, and the Board must deny certification.[2] The factual findings of the hearing officer are not binding on either the Board or this Court.[3] By contrast, we will uphold the Board's factual findings as long as there is any evidence in the record to support them.[4] The decision whether, in light of the facts, an applicant is fit to practice law in Georgia rests ultimately with this Court.[5]

The facts, as found by the hearing officer and adopted by the Board, are as follows. White intentionally submitted a wholly plagiarized paper in his advanced torts class at the end of his second year of law school. From the time the plagiarism was first discovered through the application and investigation process by the Board and up to the present day, White has failed to offer a plausible explanation of his actions. As a result, he has never accepted full responsibility for what he did, and he has not yet been rehabilitated.

Our independent review of the record confirms not only the factual findings of the hearing officer and the Board, but also that White presently lacks the integrity, character, and moral fitness

---

[1] *In re C. R. W.*, 267 Ga. 534, 534 (481 SE2d 511) (1997); *In re Beasley*, 243 Ga. 134, 136 (252 SE2d 615) (1979). See also *In re Cason*, 249 Ga. 806, 809 (294 SE2d 520) (1982) (noting that this Court's primary responsibility in reviewing fitness applications, like the Board's, is "to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs" and that doubtful cases "must be decided in favor of the public's protection").

[2] *Cason*, supra, 249 Ga. at 809 (citing *Konigsberg v. State Bar of Cal.*, 366 U. S. 36, 42 (81 SC 997, 6 LE2d 105) (1961)).

[3] *C. R. W.*, supra, 267 Ga. at 534; Rules Governing Admission to the Practice of Law, Pt. A, § 8 (c).

[4] *C. R. W.*, supra, 267 Ga. at 534.

[5] *In re Spence*, 275 Ga. 202, 204 (563 SE2d 129) (2002); *In re Johnson*, 244 Ga. 109, 110 (259 SE2d 57) (1979).

76

required for admission to the Georgia Bar. Accordingly, the Board properly denied his application for certification of fitness to practice law, and we affirm the Board's judgment.

*Decision affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

Willie J. White, *pro se.*

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Senior Assistant Attorney General, Sarah E. Lockwood, Office of Bar Admissions,* for appellee.