S10Z1203. IN THE MATTER OF ROY W. YUNKER, JR.
(715 SE2d 92)

PER CURIAM.

Roy W. Yunker, Jr., appeals the final decision of the Board to Determine Fitness of Bar Applicants ("Board") denying his application for certification of fitness to practice law. For the reasons that follow, we affirm the decision of the Board.

Prior to making its final decision, the Board tentatively determined not to certify Yunker as fit to practice law. In so doing, it specified areas of concern which included, inter alia, Yunker's

apparent failure to accurately disclose his criminal history; his discharge from the military after an alcohol-related incident; his law school's withdrawal of its recommendation of trust to the Board following Yunker's post-graduation amendment of inaccuracies on his law school application; occurrences of his intoxication and insubordination during a legal internship; and troubling responses during an informal interview with the Board, which the Board believed constituted "a pattern of conduct that demonstrates a lack of judgment, integrity, character, professionalism and the requisite moral fitness required of a prospective member of the State Bar of Georgia." A hearing officer was appointed to conduct a hearing in the matter prior to a final decision by the Board. The hearing was held on October 20, 2009, and after considering the testimony and documents of record, the hearing officer recommended that the Board issue a final order denying Yunker certification. In so doing, the hearing officer made the following findings of fact.

Yunker applied to John Marshall Law School in July 2005. The law school application asked whether the applicant had ever been charged or convicted of a crime other than a minor traffic offense, and Yunker answered "no" even though he had been convicted of misdemeanor offenses in three separate incidents. In 1988, he pled guilty to driving under the influence of alcohol ("DUI") in North Carolina, in 1989, he pled nolo contendere to disorderly conduct and damage to property in Pennsylvania, and in 2000, he pled nolo contendere to family violence battery in DeKalb County, stemming from an incident in which he choked his then wife. According to Yunker, these incidents were influenced by his consumption of alcohol. Yunker was admitted to the law school, and started taking classes in August 2005.

Beginning in May 2007, Yunker served as an unpaid intern with the Atlanta Metro Conflict Defender's Office. In June 2007, after a disagreement with a senior staff attorney in that office, whom he was assigned to assist, he refused to sit next to the attorney in court and left the courtroom without asking permission. Later that day, and the day after, Yunker sent the attorney e-mails in which he used veiled and actual profanity.[1] Yunker was directed to disconnect his laptop computer from the office network, there was an argument between Yunker and the attorney, and Yunker's internship was terminated.

Yunker graduated from John Marshall Law School in May 2008.

---

[1] The e-mails contained the following: "I am completely willing to talk about whatever issues you may have with a lowly intern who is not putting up with this #$%#$% anymore," and "I am not challenging your status as an experienced attorney. If you want a lame little bitch of an intern, find some Emory student."

After graduation, he completed an application for certification of fitness to practice law and therein failed to disclose his family violence battery conviction. In a letter dated October 30, 2008, the Board requested that Yunker respond to discrepancies found within his application, including his failure to fully disclose his criminal record. He then amended his application to more fully disclose his convictions. His explanation for the lack of disclosure of the DUI conviction was that he "must have done something wrong when [he] transferred the files to the CD-Rom" that he submitted and that he "wrote these things in and there must have been a computer error." His explanation for his non-disclosure of the family violence battery plea was that he had filled out the application too hastily. He submitted a petition to amend his law school application to correct the answer to the question regarding any past charges or arrests for crimes, to which he had inaccurately responded. In the petition, he explained his original denial by stating, "I can only believe that at the time, when I read the word 'crime[,]' I wasn't thinking of the sorts of arrests I experienced, but was thinking of crimes like robbery, murder, or other actions that I know now as felonies."

In his narrative to the Board regarding the facts and circumstances surrounding the choking incident with his now former wife, Yunker explained that they had been arguing, and he "put [his] hands over her mouth, and choked her because I wanted her to stop yelling at me." He went on to say that he had not wanted to seriously hurt her, "but knew that she had a phobia about not being able to breathe." He continued, "She stopped talking allright [sic], and when I left the room and went to bed, she left the house and called the police from a neighbor[']s house, and they showed up and arrested me." At the October 20, 2009 hearing, Yunker was questioned about the battery against his now former wife, and was asked how he could be trusted not to similarly exploit a client's vulnerability. His initial response was, "Probably because I am not going to marry them."

The hearing officer concluded that Yunker's failure to adequately and fully disclose his previous charges or convictions evidenced a present lack of candor and honesty; that his various explanations to account for his inaccurate responses strained credibility; and that the events and circumstances surrounding his abrupt separation from his internship with the Atlanta Metro Conflict Defender revealed Yunker's lack of maturity, poor judgment, and his failure to take appropriate responsibility for his actions. The hearing officer further concluded that while Yunker appeared to be genuinely remorseful, his lack of candor regarding his submission of incorrect information to his law school and to the Board had not been credibly explained. The hearing officer found that Yunker's conduct,

as a whole, could not be justified.

During the application process, it is the burden of the applicant to demonstrate that he or she possesses the requisite character and moral fitness to practice law. *In re Cook*, 284 Ga. 575, 576 (668 SE2d 665) (2008). Also, when an applicant has a criminal record, the applicant must prove by clear and convincing evidence that, following any conviction, the applicant has fully and completely rehabilitated himself. Id. at 576; *In the Matter of Lee*, 275 Ga. 763, 764 (571 SE2d 720) (2002). And,

> [b]ecause the Board's and this Court's primary concern in admitting persons to the practice of law is the protection of the public, any doubts must be resolved against the applicant and in favor of protecting the public.

(Citations and punctuation omitted.) *In re Cook*, supra at 576.

The findings by the hearing officer, which are supported by the record, as well as other evidence of record, support the conclusion that Yunker has failed to carry his burden of demonstrating his rehabilitation and that he has the requisite character and moral fitness to practice law. Consequently, this Court affirms the final decision of the Board to deny Yunker's application for certification of fitness to practice law.[2]

*Decision affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

Roy W. Yunker, Jr., *pro se.*

*Thurbert E. Baker, Attorney General, Ann S. Brumbaugh, Assistant Attorney General, Sarah E. Lockwood, Office of Bar Admissions,* for appellee.

---

[2] In the appeal to this Court, Yunker enumerates multiple errors alleging, inter alia, the Board's violation of certain provisions of the Rules Governing Admission to the Practice of Law in this State; however, the alleged errors are premised upon either misinterpretation of the rules, mischaracterizations of the Board's actions, or are belied by the record. Yunker's remaining complaints involve disputing the evidence of record and issues of Yunker's credibility, which have been resolved adversely to him.