S11Z0673. IN THE MATTER OF JOHN ANDREW PAYNE.

(715 SE2d 139)

PER CURIAM.

John Andrew Payne submitted an application for a certificate of fitness to practice law in June 2009. His application revealed that he had an extensive criminal background with multiple felonies and other crimes from 1975 to 1983 and six DUI convictions and one arrest from 1981 to 1995. On December 10, 2009, Payne had an informal conference with the Board to Determine Fitness of Bar Applicants in order to discuss particular areas of concern. After the informal conference, the Board issued a tentative order of denial of certification citing lack of rehabilitation and candor and, at the request of Payne, issued specifications. On September 13 and 14, 2010, a formal hearing was held before hearing officer Thomas M. Cole, who subsequently issued his recommendation to the Board. He found that while Payne was less than candid regarding disclosure of his criminal history, he met his burden of showing rehabilitation and should be certified as fit conditioned upon his continued participation in Narcotics and Alcoholics Anonymous plus periodic monitoring. However, the Board denied certification to Payne in a final decision issued on December 14, 2010, finding that he did not meet his burden. Payne appeals from the Board's denial of his application for a certificate of fitness.

1. "Throughout the application process, the burden rests upon the applicant to establish his or her fitness to practice law. [Cit.]" *In the Matter of Lee*, 275 Ga. 763, 764 (571 SE2d 720) (2002). Furthermore,

[w]here an applicant for admission to the bar has a criminal record, his or her burden of establishing present good moral character takes on the added weight of proving full and complete rehabilitation subsequent to conviction, and it is only fitting that proof of rehabilitation be by clear and convincing evidence. [Cits.] Any effort made before the Board to evade full disclosure of all pertinent information concerning the past may be considered by the Board as evidence of lack of full and complete rehabilitation. [Cit.]

*In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982). "Generally, if

there is any evidence to support the Board's decision regarding the fitness of a Bar applicant, it will be upheld. [Cit.]" *In the Matter of Spence*, 275 Ga. 202, 204 (563 SE2d 129) (2002).

The evidence shows that Payne's criminal history includes numerous arrests, felony and misdemeanor convictions, and six DUI convictions, and spans almost thirty years, extending not just from his youth but into his mid-forties. The last illegal act cited in the application occurred only seven years prior to the formal hearing. Moreover, the record reveals that Payne was not always completely candid regarding his criminal history. In response to a request on his law school application for a list of any previous criminal conduct, Payne provided only a short summary of his criminal past. After a request for more information by the law school, Payne submitted information regarding his multiple property crime and theft convictions in 1976 but failed to list his extensive criminal conduct prior to 1976 and after 1981. The law school again requested more information, and Payne submitted another supplemental response detailing more of his criminal history but again left off many of his arrests, charges, and convictions. He disclosed one DUI conviction from 1995, but failed to disclose the five other DUI convictions and one other DUI arrest that was nolle prossed. In fact, Payne still was amending his law school application in the Spring of 2010, after the filing of his fitness application. The question then becomes "one of whether these errors and omissions were wilful in order to conceal the whole truth or merely were inadvertent." *In re Beasley*, 243 Ga. 134, 135 (2) (252 SE2d 615) (1979). Payne admitted to the Board that he remembered at least some of these omitted criminal incidents, including most of the later DUIs, at the time he was completing his law school application, and thus the omissions were not simply inadvertent. Additionally, he gave no explanation for their omission except to concede that they were improperly withheld. His admission that he consciously omitted parts of his criminal history, his lack of explanation for the omissions, the substantial number of errors and omissions, and the criminal nature of these incidents support the Board's conclusion that Payne wilfully concealed the whole truth. See *In re Beasley*, supra; *In re Cook*, 284 Ga. 575 (668 SE2d 665) (2008).

The Board also was troubled by Payne's response to Question 25 on the fitness application which asks if the applicant has any condition or impairment including substance abuse which if left untreated could affect his ability to practice law. Payne responded "no," yet he admitted that he was a recovering alcoholic who regularly attended a 12-step program and had been diagnosed with bipolar disorder which requires periodic visits to a psychiatrist or psychologist for monitoring. Payne contends that he did not think that alcoholic recovery programs or non-medication therapy for bipolar disorder constituted

the "treatment" contemplated by Question 25. However, if Payne did not understand exactly what answer the question required, he should have contacted the bar admissions office for clarification or at least should have followed the principle urged by the Board throughout the application process that, when one is in doubt, he or she should disclose. "False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness. [Cits.]" *In re Beasley*, supra at 137 (4). Payne's negative response to whether he needed ongoing treatment for certain illnesses that may interfere with his ability to practice law amounts to an evasive, if not intentionally misleading, answer, and the Board was well within its judgment to reject the proffered excuse of misunderstanding the question.

Payne contends that he has carried his burden of proving rehabilitation because he has successfully held positions of trust in his career, has been happily married to his current wife for over 20 years, has children whom he supports, attends church regularly, and performs various services for his community. However,

> "[m]erely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society." [Cit.]

*In the Matter of Lee*, supra. Additionally, much of his community service was in the form of legal externships for which he received law school credit, and thus, although it was well-established that he performed diligently, these activities were not undertaken purely for philanthropic reasons. Payne also asks that we disregard the "any evidence" standard of review cited above and follow our reasoning in *In re Ringstaff*, 288 Ga. 583 (706 SE2d 394) (2011), in which we reversed the Board's denial of fitness certification. However, *Ringstaff* differs in two significant ways from the present case. First, the Board in *Ringstaff*, by requiring the applicant to prove rehabilitation as well as fitness despite the fact that she did not have a criminal record and had not previously been disbarred, erred as a matter of law. *In re Ringstaff*, supra at 584 (1). Second, since Payne does have a criminal record, he must prove rehabilitation, and, therefore, he has an additional hurdle to overcome that was inapplicable to the applicant in *Ringstaff*.

> " '(T)his [C]ourt's primary responsibility is to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the

character to withstand the temptations which are placed before them as they handle other people's money and affairs. . . [.] If we are not reasonably convinced that the applicant can withstand such temptations we should not admit him. Doubt of consequence, of necessity, must be decided in favor of the public's protection. . . .' [Cit.]"

*In re Cason*, supra at 809. "Where the evidence for and against certification of fitness is in equipoise, the applicant has failed to carry [his] burden [of establishing fitness to practice law], and the Board must deny certification. [Cit.]" *In the Matter of White*, 283 Ga. 74, 75 (656 SE2d 527) (2008). Although Payne has made remarkable advances in his life in the past seven years, the record reveals that he still has an inclination for misleading and evasive behavior regarding inquiries into his criminal past and his medical issues which, at best, shows a complete lack of diligence and judgment, which goes to his fitness, and, at worst, a lack of candor, which goes to his character. His lengthy and substantial history of criminal conduct coupled with his lack of complete candor during the law school application process and the bar application process evidence a lack of judgment and a failure of integrity, character, professionalism, and the requisite moral fitness required of prospective members of the Bar. Accordingly, the Board properly denied his application for certification of fitness to practice law.

2. Payne also contends that the Board's notification letter to him denying his application did not comply with the Rules Governing Admission to the Practice of Law, Part A, Section 8 (d), which requires the Board to give its reasons for its decision not to certify an applicant. Payne alleges that the Board failed to articulate the reasons supporting its conclusion that he has failed to meet his burden of proving rehabilitation and establishing present good character and fitness to practice law. However, after stating its conclusion, the Board refers Payne to the April 29, 2010, document titled "Specifications of the Board to Determine Fitness" in which the Board clearly and with much detail lists the multiple reasons why it denied his application. Thus, this contention is without merit.

*Denial of certification affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Wilson, Morton & Downs, James E. Spence, Jr.*, for appellant.
*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Senior Assistant Attorney General, Sarah E. Lockwood, Office of Bar Admissions*, for appellee.