## S15Z0412. IN THE MATTER OF CHARLES NATHANIEL HAWK III.
### (777 SE2d 22)

PER CURIAM.

This disciplinary matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"), filed by Charles Nathaniel Hawk III. Hawk originally was admitted to the practice of law in Georgia in 1984. In 1996 and 1997, three formal complaints were filed by the State Bar against Hawk and consolidated for disciplinary proceedings. On March 2, 1998, this Court disbarred Hawk for violations of former disciplinary standards 4, 45 (b), 45 (e), 45 (f), 61, 63, 65 (A), 65 (D), and 68 as found at that time in Bar Rule 4-102 (d). See *In the Matter of Hawk*, 269 Ga. 165 (496 SE2d 261) (1998). Since his disbarment, Hawk has served as a teacher in the public school system and earned his master's degree in secondary education; he is currently employed as a special education teacher at an alternative school.

On November 26, 2013, Hawk filed this application. On August 26, 2014, he filed a statement of rehabilitation in which he expressed remorse, took full responsibility for his conduct, and outlined his efforts at rehabilitation in the community, through his employment, and with his family. See *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982). In addition to the required five personal references, Hawk also included ten additional recommendations from the legal community, his family, and a former pastor. The Fitness Board provided notice to the State Bar, bar membership, and the chief judge where Hawk had practiced law and sought confirmation from the Client Security Fund that no restitution was due, see Part A, Section 10 (d) (1)-(4) of the Rules. The Client Security Fund indicated that Hawk had reimbursed the fund $2,155, which was the total amount paid out as a result of claims filed against him.

At a meeting on October 9, 2014, during which it conferred with Hawk and found him to be candid and credible in his statements of remorse and diligent in seeking rehabilitation, the Fitness Board voted to grant certification of fitness for readmission. See *In the Matter of White*, 283 Ga. 74, 75 (656 SE2d 527) (2008) ("[W]e will uphold the Board's factual findings as long as there is any evidence in the record to support them."). On November 6, 2014, the Fitness Board filed its report and the record of the proceedings with this Court so that we could make the final determination regarding Hawk's certification of fitness as required by Part A, Section 10 (e) of the Rules. See *White*, 283 Ga. at 75.

The record shows that since his disbarment, Hawk has shown remorse and has strived to act with integrity and responsibility through his hard work and his devotion to his family and as a volunteer in his community. Like the Fitness Board, we find Hawk's letters of recommendation persuasive, and we conclude that he has shown by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia. See *Cason*, 249 Ga. at 808. It also appears that Hawk has met all the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, the Court hereby grants Hawk's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Hawk may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED DECEMBER 11, 2014.

*Chandler & Moore, Douglas V. Chandler*, for Hawk.
*Sarah E. Lockwood, A. Leigh Burgess*, for Office of Bar Admissions.