304 Ga. 380
FINAL COPY

S18Z0388. IN THE MATTER OF JOHN ANTHONY MONTESANTI.

PER CURIAM.

John Anthony Montesanti appeals the decision of the Board to Determine Fitness of Bar Applicants ("Board") to deny his application for a certificate of fitness to practice law. For the reasons set forth below, we affirm the Board's decision.

The record shows that Montesanti graduated from Florida Coastal School of Law in 2015 at the age of 67. He commenced his fitness application for the Florida Bar while enrolled in school, and after a two-and-one-half year investigation process requiring several amendments to the application, and after specifications were issued as to why his application should be denied, Montesanti withdrew his application to the Florida Bar before the date of a scheduled hearing and before a final determination on his application. Montesanti then applied to the Georgia Bar for a certificate of fitness. After several amendments were made to his Georgia application in

response to inquiries by the Board, an informal hearing was held. The Board issued a tentative denial, and issued specifications giving the applicant notice of the basis for the tentative decision. Montesanti submitted written responses to the specifications and requested a formal hearing. A hearing was held on August 16, 2017. Both the Board and Montesanti were represented by counsel and both presented evidence. The hearing officer issued proposed findings of fact and conclusions of law, and recommended denial of the application. The applicant filed written objections to the hearing officer's recommendation. The Board issued a final denial of certification dated October 5, 2017, after which Montesanti filed this appeal.

1.     Montesanti asserts the written specifications prepared by the Board's counsel contained errors and false statements that prejudiced the Board against him. Even if the specifications contained errors, however, the record reflects Montesanti was afforded ample opportunity to respond to the specifications not only in writing but also by presenting evidence at the hearing, including his own testimony, and the argument of his counsel. He was afforded the opportunity to cross-examine a witness whose adverse testimony was presented by the Board's counsel via telephone. While the hearing officer's findings of facts and recommendations are not binding upon

the Board or this Court, if there is any evidence to support the Board's decision, this Court will uphold it. See *In re Baska*, 281 Ga. 676, 677 (1) (641 SE2d 533) (2007). Based upon our examination of the record, we find ample evidence to support the Board's decision.

As noted in the hearing officer's findings, Montesanti demonstrated a pattern of failing to disclose relevant information to the Board and providing inconsistent statements to both the Board and the Florida Bar. For example, Montesanti provided different explanations to the Board for his non-payment of a judgment against him in a small claims court case — at one stage saying he forgot to pay and at another point acknowledging he intentionally did not pay the judgment because he disagreed with it, though he now understands he was wrong in refusing to pay. The record showed he provided two different reasons in letters to the Florida Bar for withdrawing his application for fitness in that state — in one letter stating that he had to withdraw for financial reasons and in another letter stating he had to withdraw due to an "undetermined illness." The record shows that at the informal conference with the Board, Montesanti stated he did not recall writing the second letter, didn't know what he meant by "undetermined illness," and assured the Board he was healthy and his health was not the reason he withdrew his application.

At the formal hearing, and in his appeal, Montesanti claims his memory and attention were impaired during the application process by the effects of lack of sleep because he suffers from sleep apnea. These inconsistencies and evolving explanations for conduct relevant to the Board's determination of fitness demonstrate a lack of candor and honesty. "False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness." *In re Beasley*, 243 Ga. 134, 137 (4) (252 SE2d 615) (1979).

2. One of Montesanti's grounds for challenging the Board's denial of his application is his claim that the Board improperly failed to verify or corroborate the derogatory statements about his character that were offered by a former law school professor who supervised his work as an intern at a public benefits law clinic while he was a student. Because Montesanti identified this professor as his supervisor at the legal clinic, the Board forwarded a questionnaire to the professor, and she responded in writing with negative comments on Montesanti's character. Although Montesanti complains that the professor's response was not disclosed to him, the specifications served on him prior to the formal hearing identified the professor and indicated that she had stated she would not recommend

Montesanti for a position of trust because he had difficulty relating to others in a professional manner and was not honest. Montesanti complains that the scope of the professor's responses to the questionnaire should have been limited to his work and conduct at the legal clinic, but instead, her telephonic testimony at the hearing showed that her negative comments related to Montesanti's conduct, and to conversations between the two, after his work at the clinic was complete and during a period of time when he sought her advice on the fitness application process.

According to the professor's testimony, Montesanti acknowledged to her that he had purposely omitted and withheld information sought by the Florida Bar in its fitness inquiry, and that he felt it was justifiable for him to do so, because he did not believe the Bar was entitled to have all the information it sought. He also asserts the professor's comments about him should have been excluded as privileged.[1] We find no basis for excluding this character witness' testimony as the evidence shows she had personal knowledge of information relevant to the Board's inquiry into Montesanti's character and fitness to be admitted to the Georgia Bar. Pursuant to Part A, Section 8 (c) of this Court's Rules Governing Admission to the Practice of

---

[1] At the hearing, Montesanti raised no objection to the professor's testimony on privilege grounds, and indeed admitted he did not have an attorney-client relationship with the professor.

Law, the hearing officer at a formal hearing on the fitness of an applicant "shall consider all evidence deemed relevant to the specifications and the answers, affirmative defenses and matters in mitigation raised by the Board and the applicant in an effort to discover the truth without undue embarrassment to the applicant . . . ." With respect to Montesanti's assertion that the Board failed to verify or substantiate the witness' testimony, we note that his counsel had ample opportunity to cross-examine the witness and to impeach her testimony. It is the applicant who carries the burden to establish the requisite character and moral fitness to practice law. See, e.g., *In the Matter of Payne*, 289 Ga. 746 (1) (715 SE2d 139) (2011); *In re Beasley*, supra, 243 Ga. at 136 (3). That this professor's opinion about Montesanti's character and fitness differed from that of other witnesses, including others on the law school faculty, simply goes to the weight of the evidence. As noted above, if there is any evidence to support the Board's decision, this Court will uphold it.

3. The primary ground for Montesanti's challenge to the Board's decision is his claim that the Board wrongly failed to make any accommodation for his claim that, during the application process, he was suffering from the disability of sleep apnea. Montesanti testified at the

hearing that during the application process he received a diagnosis of sleep apnea, and he presented the sworn affidavit of a physician who reviewed the results of a sleep study performed on him. This physician opined that untreated sleep apnea induces, among other things, "inattention, . . . induces or exacerbates cognitive deficits, [and] increases the likelihood of errors and accidents." He further opined that it was more likely than not that omissions Montesanti made on his Florida and Georgia Bar applications "were secondary" to his untreated sleep apnea, and that the treatment of this condition by the wearing of a CPAP machine during sleep had mitigated the severity of the cognitive deficits caused by the condition of sleep apnea.

According to Montesanti, sleep apnea is recognized as a disability under the Americans with Disabilities Act, 42 USCA § 12101 et seq. Even assuming, without deciding, that his sleep condition qualifies as a disability under the Act, Montesanti has failed to demonstrate he is entitled to an accommodation in the process of determining his character and moral fitness to practice law in this State. Title II of the ADA protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by state and local government entities. 42 USCA § 12132. The term "qualified individual with a

disability" is a defined term under the Act, meaning "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 USCA § 12131 (2). An applicant to the Georgia Bar is not a qualified individual for purposes of application of the ADA until he or she is certified as possessing the character and moral fitness to sit for the bar examination. Certification of fitness is an essential requirement to make an applicant eligible to sit for the bar examination. See Rules Governing Admission to the Practice of Law, supra, at Note from the Office of Bar Admissions.[2]

---

[2] See also *Halpern v. Wake Forest Univ. Health Sciences*, 669 F3d 454 (4th Cir. 2012). In *Halpern*, a medical student who had been dismissed from school for unprofessional behavior in his relations with faculty, staff, and fellow students brought an action alleging his dismissal violated the ADA and the Rehabilitation Act of 1973, § 504 (a), 29 USCA § 794 (a), because, he alleged, the side effects of the medications he took for attention deficit hyperactivity disorder and anxiety disorder caused the conduct that was deemed unprofessional. Halpern claimed the medical school failed to make reasonable accommodations for his disability. In its opinion affirming the district court's grant of summary judgment to the medical school, the Fourth Circuit Court of Appeals found that "[w]here a professional school has reasonably determined based on an identifiable pattern of prior conduct that a student is unfit to join his chosen profession, federal law does not obligate the school to allow that student to remain in and graduate from its educational program." Id. at 466-467 (II) (c). Likewise, in this case, we find no violation of the ADA by the Board's denial of Montesanti's application for a certificate of fitness to practice law, despite his assertion that his failure to demonstrate the requisite character and moral fitness was caused by a disability that should be accommodated.

Fitness determinations require the Board to examine an applicant's "innermost feelings and personal views on those aspects of morality, attention to duty, forthrightness and self-restraint which are usually associated with the accepted definition of good moral character." (Citation and punctuation omitted.) *In re Lubonovic*, 248 Ga. 243, 245 (3) (282 SE2d 298) (1981). When asked at the hearing if he understood that a condition that would cause a person to lie or provide false answers would disqualify that person from being certified as fit to sit for the bar examination, Montesanti responded affirmatively, but stated that he was now being treated for this condition. Montesanti essentially asks for a waiver of certification, or an accommodation from being subjected to an examination of his character and fitness, based on an alleged inability to be truthful, accurate, and forthcoming in his bar application disclosures and his professional dealings. All applicants, however, are held to the same standard for good character and fitness. To the extent Montesanti is suggesting that his age or alleged sleep apnea condition caused him to be confused about the type of disclosure required by the application process, this Court has held that if an applicant did not understand exactly what disclosure was required, "he should have contacted the bar admissions office for clarification or at least should have

followed the principle urged by the Board throughout the application process that, when one is in doubt, he or she should disclose." *In the Matter of Payne*, supra, 289 Ga. at 748 (1).

Ample record evidence exists to support the Board's conclusion that Montesanti failed to carry the burden of establishing that he possesses the requisite character and fitness to be a member of the Georgia Bar. Consequently, we affirm the Board's decision to deny his application for a certificate of fitness.

Denial of certification affirmed.  Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Boggs, and Peterson, JJ., concur.  Blackwell, J., not participating.

Decided August 27, 2018.

Certification of fitness to practice law.

John C. Sammon, Heidi M. Faenza; Christopher M. Carr, Attorney General, Rebecca S. Mick, Annette M. Cowart, Russell D. Willard, Senior Assistant Attorneys General, for Office of Bar Admissions.