**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 9, 2022

S22Z0316.  IN THE MATTER OF GEGE OKEZUANDUE ODION.

PER CURIAM.

Dr. Gege Okezuandidue Odion, an optometrist, is a law school graduate who applied to the Board to Determine Fitness of Bar Applicants (the "Board") for certification of fitness to practice law. The Board considered Odion's application; found that it demonstrated a lack of "candor, judgment, integrity, diligence, [and] trustworthiness" required of a prospective member of the State Bar of Georgia; and denied the application. The central issue giving rise to the Board's denial arises out of Odion's response to the application requirement regarding disclosure of court proceedings filed by an applicant or in which an applicant is a party. Because the record supports the Board's decision, we affirm.

1. The record shows that Odion applied to take the July 2005

Bar exam. He submitted an incomplete fitness application in November 2004 and did not move forward with fitness certification or sit for the July 2005 Bar exam.

Odion filed a second fitness application on August 23, 2018. On November 13, 2020, the Board served Odion with a tentative order denying the application, noting a number of reasons for the tentative denial, including "a deficiency in the level of judgment and candor required of all members of the Bar of Georgia, specifically with regard to the number of lawsuits you filed and failed to disclose on your Character and Fitness Application." Following Odion's request for a hearing, the Board provided Odion with a list of specifications for the denial of his application, including details regarding a number of lawsuits Odion had failed to disclose. Odion timely answered the specifications by letter.

This Court appointed a Special Master who presided over a hearing regarding this matter on September 30, 2021. Both Odion and the Board presented evidence at the hearing. Following the hearing, the Special Master made findings of fact, conclusions of

2

law, and recommendations.

Among those findings, each of which is supported by the record, the Special Master determined that, in his initial 2005 fitness application, Odion indicated that he had been involved in three litigation matters. Odion filed a second application on August 23, 2018, which he amended multiple times (the last amendment was filed on August 9, 2021). The 2018 application initially listed six lawsuits that Odion had filed pro se. In response to the specifications noted by the Board following its tentative denial of the application, Odion submitted a letter listing 22 additional litigation matters in which he had been involved. Odion later filed a supplement to his response to the Board's specifications, which listed one additional lawsuit.

The Special Master determined that, despite the Board's specifications and Odion's two responses to them, Odion failed to disclose 20 additional litigation matters in any application, amendment, or supplement. The Special Master also determined that Odion had offered varying and "inconsistent" explanations for

3

his failure to list all litigation matters to which he had been a party and noted that Odion "has never unequivocally admitted the incompleteness of his application nor taken responsibility for its omissions."[1] In light of its findings, the Special Master concluded that "Odion has not met his burden to show that he has the requisite character and fitness to become a member of the Georgia Bar" and recommended that the Board deny Odion's application for a certificate of fitness. The Board later adopted the Special Master's findings and recommendation and denied Odion's application. Odion appeals.

---

[1] Specifically, Odion argued that he was under the impression that, under Rule 6 (b) of the Rules Governing Admission to the Practice of Law, he needed to disclose only those litigation matters that occurred within the five years preceding his application. But that rule, which instructs the Board to contact and request information from the Chief Judge of the superior courts of each judicial circuit where an applicant has resided, attended school, or been employed during the five years preceding the application, clearly places no limitation on an applicant's duty to disclose litigation matters to which he has been a party. Moreover, as the Special Master noted, Odion made this argument for the first time during the hearing. Odion also argued to the Special Master that he had been involved in only a few "main" lawsuits and that the undisclosed litigation matters were related to those "main" cases. But this contention is not supported by the record. And in the supplement to his response to the Board's specifications, in which he disclosed an additional lawsuit he filed against a delicatessen chain, Odion explained that he "did not remember" that lawsuit because it had not progressed past discovery.

2. This Court has a responsibility to the public "to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs." (Punctuation omitted.) *In re Cason*, 249 Ga. 806, 809 (294 SE2d 520) (1982). The function of the Board "is to prevent those not demonstrating the requisite moral character and fitness from being allowed to become lawyers." Id.

As this Court has long held, "[t]hroughout the application process, the burden rests upon the applicant to establish his or her fitness to practice law." *In re Lee*, 275 Ga. 763, 764 (571 SE2d 720) (2002). "False, misleading[,] or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness." (Citation omitted.) *In re Payne*, 289 Ga. 746, 748 (715 SE2d 139) (2011). "Generally, if there is any evidence to support the Board's decision regarding the fitness of a Bar applicant, it will be upheld." (Citation omitted.) Id. at 746-747. However, "[t]he decision whether, in light of the facts, an applicant is fit to practice

law in Georgia rests ultimately with this Court." *In re White*, 283 Ga. 74, 75 (656 SE2d 527) (2008).

Here, the record supports the Special Master's findings and recommendation, which were adopted by the Board and formed the basis of its denial of Odion's fitness application. Odion repeatedly failed to disclose numerous litigation matters to which he was a party, even after the Board gave him an opportunity to respond to the specifications for tentative denial and supplement his application. The Board was also authorized to determine that Odion's proffered justifications for his lack of disclosure were inadequate or misleading. Such behavior on the part of a Bar applicant, especially in light of the Board's efforts to allow Odion to amend and supplement his application on multiple occasions, "shows a complete lack of diligence and judgment, which goes to his fitness, and, at worst, a lack of candor, which goes to his character." *Payne*, 289 Ga. at 749. See also *In re Huddleston*, 297 Ga. 726, 731 (777 SE2d 438) (2015) (affirming denial of fitness application where applicant "consistently chose to conceal, rather than disclose"

6

requested information and "even when directly confronted about his lack of candor on numerous occasions, . . . still chose to omit relevant portions of his record that should have been revealed from the beginning"). Accordingly, the Board properly denied Odion's application for certification of fitness to practice law, and we affirm that decision.[2]

*Decision affirmed. All the Justices concur.*

---

[2] We also note that Odion spent much of his briefing before this Court attempting to explain the circumstances surrounding litigation matters to which he was a party while devoting scant attention to explaining why he failed to fully and promptly disclose all lawsuits in which he had been involved – the key issue in the Board's denial of his application and this appeal. Odion also devoted considerable portions of his briefs arguing that a current staff member of the Office of Bar Admissions had, in various ways, exhibited bias and prejudice against him and "retaliated" against him during the review of his application. We see nothing in the record to support these statements, and we take note that such unsubstantiated allegations, coupled with Odion's own repeated failures to take responsibility for the completeness and accuracy of his application, further demonstrate Odion's lack of fitness to practice law.